ORRIN P. HUNTLEY, Plaintiff in Error,

*vs.*

GUSTAVUS STONE, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF ROCK COUNTY.

1. Where A., who is indebted to B., places the amount of his indebtedness into the hands of C., who, in consideration thereof, promises A. to pay the money to B. in discharge of A's indebtedness, B. being no party to the arrangement between A. and C., the money in the hands of C. remains the property of A., until B. has made his election to hold C. instead of A. responsible for the money, and creditors of B. cannot reach the same in the hands of C. by garnishee process in suits against B.

2. It is no defence to an action on a bond brought by B., the obligee, against A., the obligor, that A. paid the money to C., who promised A. to pay it to B. in discharge of A's indebtedness, and that C. was summoned and adjudged to be a garnishee of B. in suits brought by creditors of B., and that C. paid over the money in discharge of the judgments rendered against him as such garnishee.

THIS was an action of debt brought by Huntley, the plaintiff in error, upon an agreement under seal, executed by him and Stone, the defendant in error, in June, 1853, wherein and whereby Stone, in consideration that Huntley would give up and relinquish all claims he might have upon a certain lady by the name of Miss S. A. B., and would release the same from all previous engagements, and would also give up all notes and letters written to him by her, and would remain quiet and peaceable, and would not disturb the peace and harmony of either of the other parties, promised and agreed to and with P. Huntley, to pay him the sum of one hundred and fifty dollars, whenever he (Stone) should marry the aforesaid S. A. B.

To the plaintiff's declaration, the defendant pleaded *non est factum*, with notice,

That on February 7th, 1854, one David L. Bartlett, as it appears, the brother of S. A. Bartlett, commenced a suit in attachment before E. P. King, justice of the peace, against Huntley and one Richard Glennan ; that Stone was summoned in that suit as the garnishee of Huntley, and that on March 2d, 1854, judgment was given against Stone as such garnishee, for $98.59 ;

and that such judgment was unpaid, unreversed, and in full force against the defendant.

The defendant gave also notice of another attachment suit between the same parties, in which Stone was also summoned as garnishee of Huntley, and judgment rendered against him as such for $51.41, and that such judgment remained unpaid, unreversed, and in full force against Stone.

The defendant gave further notice, that on the 13th day of April, 1854, he delivered and paid to one S. O. Humphrey, the sum of $150, in consideration whereof, the said Humphrey promised to pay and deliver the said sum of money to Huntley, in payment and discharge of the obligation on which this suit was brought; that on the same day, Humphrey was summoned as garnishee of the plaintiff, on execution issued on the two judgments recovered before the justice of the peace against Huntley, in favor of Bartlett, and that two judgments were rendered against Humphrey as such garnishee; that Humphrey paid the one hundred and fifty dollars, which he had received from Stone, in satisfaction of the two judgments against him as garnishee.

On the trial, the plaintiff proved the allegations contained in his declaration, and the interest due on the bond to be $5.25.

The defendant then offered to prove the facts set forth in his notices in relation to the payment of money to Humphrey, and the garnisheeing of Humphrey as aforesaid, which offer was objected to by the plaintiff, and rejected by the court. The defendant then offered testimony under his notices, and plaintiff objected to the introduction of such evidence, which objections were overruled, and the plaintiff excepted. The defendant then proved all facts and circumstances set forth in his notices, and the court instructed the jury to render a verdict in favor of the plaintiff for the interest due on the bond and no more, to which instruction the plaintiff excepted. The jury rendered their verdict for the plaintiff for $5.25, and judgment was entered accordingly. And this writ of error is brought to reverse the said judgment.(1)

(1) It appeared on the trial, that the defendant below paid the one hundred and fifty dollars mentioned in this bond, to Humphrey, without the knowledge or con-

*Rockwell and Pasco*, attorney for plaintiff in error.

*W. H. Carpenter*, attorney for defendant in error.

*By the Court*, COLE, J.   The main question presented for our consideration in this case is, as to whether the money in the hands of Humphrey, could, under the circumstances, be gar-nisheed by a creditor of Huntley, and we are clear in the opinion that it could not.   Stone, who was owing this money to Huntley, placed it in the hands of Humphrey, and the latter promised to pay it to the creditor, Huntley.   But this was done without Huntley's knowledge, concurrence or consent; he knew nothing about this arrangement; had never authorized or re-quested that the money should be placed in Humphrey's hands. Humphrey was an entire stranger to him as far as this transac-tion was commenced.

Now, it is insisted that Huntley could maintain an action of assumpsit for money had and received against Humphrey, and further, that if that action could be maintained, that then Hunt-ley's creditor could garnishee the money.   It may be very true, had Huntley seen fit to ratify this payment of the money to Humphrey, and elected to hold him for it, that he could have maintained his action; and yet, that the money could not be reached by a garnishee process in favor of Huntley's creditors, before such election had been made.   We cannot see that one of these propositions legitimately or necessarily follows from the establishment of the other.   Conceding that Huntley might have considered Humphrey, instead of Stone, as liable to him for this money, and thus sustained his action against the former; does it show that until this choice was exercised, this ratification had actually taken place, that in any proper sense it could be said, that the money in Humphrey's hands belonged to Huntley with-in the meaning of our statute?   We think not.   The statute in regard to garnishee process reads as follows:

"If the plaintiff or other credible person shall make an affidavit

---

sent of the plaintiff, and that immediately while the money was in hands of the Humphrey, he was garnisheed upon the execution above stated.

stating therein that deponent has good reason to believe that any person (naming him) has property (describing the same), moneys, credits or effects in his possession, belonging to the defendant, or that he is indebted to the defendant, and shall demand of the officer to summon such person as garnishee, the officer shall summon each person in writing to appear before the *justice* on the return day of such attachment," &c. *Sec.* 115, *chap.* 88, *R. S.*

And section 118 of the same chapter provides that "the garnishee, from the time of the service of such summons, shall stand liable to the plaintiff in attachment, to the amount of the property, money, credits and effects in his hands, belonging to the defendant, and the amount of his indebtedness to the defendant." This was a garnishee proceeding upon an execution, but the provision in regard to that, is substantially the same as upon the writ of attachment, and is intended to reach the property, money, credits and effects in the hands of any person, belonging to the defendant in execution.

Now, the question is, under these provisions of the statute, to whom did this money, in the hands of Humphrey, belong? It will be remembered that it was placed in his hands by Stone, without the knowledge or consent of Huntley. Huntley does nothing and says nothing from which it can be inferred that he assented to its being deposited with Humphrey, or was willing to release Stone, and look to Humphrey for these funds. Under these circumstances, can it be said that this money belonged absolutely to Huntley, so as to be garnisheed by his creditors? For it is evident that it must be his money in order to be thus reached. Suppose, for instance, that the money had been lost, or misapplied by Humphrey, who would have suffered from it? We think it very obvious, that it would have been Stone. Suppose Huntley had sued Stone for the money, could the latter have pleaded this payment to Humphrey in bar of the action? It is equally obvious that he could not.

These questions furnish the true test, to determine to whom this money belonged. It still really belonged to Stone, was given to Humphrey at his own risk, and might, or might not, ever be applied to the discharge of the debt he owed Huntley. At all events the money was still under his control; he could

Huntley vs. Stone.

change its destination, countermand the order to deliver it to Huntley, and sue for and recover it of his agent or depositary, at any time before it had been paid over according to his direction. To hold that it belonged to Huntley would be saying that the moment a debtor puts money into the hands of an agent to pay a debt, it passes entirely beyond his control, and vests absolutely in the creditor without his privity or assent. *See Seaman vs. Whitney*, 24 *Wend.* 260; 2 *Greenl. Ev.* § 119, and cases there cited. If that is not the case, it is quite evident that the money could not be garnisheed.

From the view which we have taken of this case, it follows that the judgment of the Circuit Court must be reversed, and a new trial ordered.