JOSEPH PETTINGILL *versus* ANDROSCOGGIN R. R. Co. and
J. R. ADAMS, *Trustee.*

Money in the hands of a station agent of a railroad company, received for tick-
ets sold and freight collected, cannot be attached in his hands by trustee pro-
cess, in a suit against the company by one of its creditors.

EXCEPTIONS from the ruling at *Nisi Prius* of DAVIS, J.,
charging the trustee, upon the following disclosure : —

*Interrogatory* 1st. Had you on the 10th of August, 1861,
at the time the writ in said action was served on you, any
goods, effects, moneys or credits in your hands or possession
of the Androscoggin Railroad Company?

*Answer.* I had not unless I shall be held chargeable un-
der the following circumstances : — As an individual I had
nothing ; but, as station agent at Wilton Station, I had in my
possession, made up and charged on my books as paid to
the treasurer, but not actually forwarded to him at the time
of the service of plaintiff's writ on me, the sum of seventy-
five dollars in money, which money I had taken as such
station agent for tickets sold by me, and for freight deliv-
ered by me and paid for when so delivered, for which I had
delivered freight bills receipted to the owners. I also had
in my hands at the same time unpaid freight bills in the
usual form, for freight not delivered, amounting to the sum
of $204,42, and nothing more. At the time I received my
appointment as station agent, I gave a bond to the then
treasurer, with sureties, conditioned to pay over from time to
time, as I received it, to the treasurer of the Androscoggin
Railroad Company, all such moneys as should come to my
hands as such station agent, which bond was then and is now
in full force. I was not and am not liable to the Andros-
coggin Railroad Company for any funds in my hands, as I
understand the contract, but I am bound and obliged to ac-
count for and pay over all such funds to the then treasurer
of said company, and to no other person. The seventy-five
dollars named above I afterwards, on the twelfth day of

August, forwarded to the treasurer of said company, and hold his receipt therefor. I was appointed station agent by the directors of said company.

*C. Knapp*, for the plaintiff.

*Linscott & Pillsbury*, for the trustee.

The opinion of the Court was drawn up by

DAVIS, J.—By the Massachusetts statute of 1794, c. 65, " any person having any goods, effects, or credits, *so* entrusted or deposited in the hands of *others* that the same *cannot be attached by the ordinary process*," may be sued by the process of foreign attachment, and the person having such possession be charged as trustee. That provision was incorporated into our statutes of 1821, c. 61; and, though there have been some verbal changes in the subsequent revisions, the form of the writ, (c. 63, § 6,) directing the alleged trustee to be summoned, for the reason that the debtor has not property " *in his own hands and possession*, which can be *come at to be attached*, but has entrusted such property to and deposited it in the hands of such trustee," has never been changed.

It is evident that the statute was not intended for any case in which the property could, without difficulty or risk, be attached in the ordinary method. In this respect the present statute does not differ from the former. *Allen* v. *Megguire*, 15 Mass., 490.

If the alleged trustee is *owing* the principal defendant, the suit operates as an assignment of the demand to the plaintiff, to be perfected by demand made by the officer having the execution. But, if he has " goods or effects" of the principal debtor deposited in his hands, liable to attachment, the service of the writ operates as an attachment of the *specific articles* in his possession. It is only in case he neglects to keep them, and deliver them to the officer having the execution, that he becomes *personally* liable. *Burlingame* v. *Bell*, 16 Mass., 318.

The property in the hands of the trustee must be such as *can be taken on the execution.* *Clark* v. *Brown*, 14 Mass., 271. Therefore, before the statute authorized *money* to be attached or so taken, one having (uncurrent) *bank notes deposited* with him, not in such a manner as to make him the *debtor* of the depositor, was held not to be chargeable as his trustee. *Perry* v. *Coates*, 9 Mass., 537.

In applying the statute, in practice, two general principles seem to be essential. Both of these have been recognized in the decisions; though there may be cases in which, through the inadvertence of Courts or counsel, they have been overlooked.

1. The property must be *in fact* in the hands of a person *other than the debtor.* Therefore, the *mere servant* of the debtor, having care of his goods under his direction, would not be liable upon this process, unless he should do something to prevent them from being attached. The original statute of 1758, Province Laws, c. 267, applied in terms to an "attorney, factor, agent, or trustee.". The process is intended for a case in which, for some purpose, the goods are *out of the personal possession* of the debtor. It is for this reason that the cashier of a bank or a treasurer of any other corporation, is not chargeable as the trustee of such corporation, though some of the property in his custody would be attachable. The corporation can have no actual possession, except by him. He is the corporation; *quoad hoc.* Nor does his possession make him the *debtor* of the corporation, so that he can be chargeable upon that ground.

2. *Mere possession,* by a third person, of goods belonging to the debtor, will not render him liable to this process. *Skowhegan Bank* v. *Farrar*, 46 Maine, 293. If it were otherwise, the hirer of a horse, or the hotel or stable keeper in whose care he is placed by a traveller, may be held to answer to a suit against the owner. We agree with the Court in Massachusetts in the opinion, *Staniels* v. *Raymond*, 4 Cush., 314, that the Legislature could not have intended "that the mere possession of property by a party

having no claim to hold it against the owner, should render him liable therefor as trustee, and thereby he be subjected to trouble and expense in answering to a claim in which he has no interest. Such a construction of the statute would be prejudicial in very many cases, and cannot be admitted."

This principle, however, does not apply when the person having such possession does anything to prevent the goods from being attached as the property of the debtor, by concealing them, or refusing, on request, to expose them, or by asserting any claim to them himself, or in any other manner, he would then be liable to the trustee process. *Swett* v. *Brown*, 5 Pick., 178; *Hooper* v. *Day*, 19 Maine, 56; *Balkham* v. *Lowe*, 20 Maine, 369.

Nor has this doctrine ever been applied to a depositary of *money*. Though coin and bank notes are now attachable, and may be taken on execution, practically they can very seldom " be come at to be attached." They differ from all other property in this respect. And there are cases in which one holding a particular fund, merely on *deposit*, claiming no interest in it, may be chargeable as trustee. *Bell* v. *Gilbert*, 12 Met., 397; *Insurance Company* v. *Holbrook*, 4 Gray, 235. The owner of the fund can have no reason to complain; and any other rule would encourage fraud.

In the case at bar the alleged trustee was the station agent of the defendant company; and the money in his hands had been received for passage tickets sold, and freight bills collected. For this he is liable to be charged, unless his possession is the *actual* possession of the company, like that of its treasurer.

The corporation, as such, has no personality except in the persons of its agents. It can act only by agents. By them alone can it possess its property, and exercise its corporate functions. In doing this, *their* acts and possession are its own, not constructively, as in the case of agents of *persons*, but actually. In this respect corporations differ from persons. In one, the act or possession of the agent is

*constructively* that of his principal; in the other it is *actually* so.

There may be a limit to the application of this principle. A corporation may employ an agent who is not invested with its personality. A railroad company does employ a large number of such agents, in carrying on its business. Such agents, having the property of the corporation in their possession, may he held as its trustees. But some of the agents of a corporation must, in this respect, be considered as the corporation; and they cannot be charged as its trustees, for the reason they, *quoad hoc*, are the same. It may not be easy to draw the line between these two classes of agents. But we cannot doubt that those who are appointed to exercise the corporate functions, as its regular agents in doing the business for which the corporation was organized, must be considered as identical with the corporation in such business. A railroad corporation sells passage tickets, and receives and delivers freight, by station agents appointed for that purpose. It can do it in no other way. This is the very business for which such companies are incorporated. In doing this business, the acts of such agents, and their possession of the corporate property, must be considered as the *actual* acts and possession of the company; and they cannot be held as its trustees.

*Exceptions sustained. — Trustee discharged.*

APPLETON, C. J., CUTTING, KENT, WALTON and DICKERSON, JJ., concurred.