## CALEB C. SPRAGUE *versus* STEAM NAV. COMPANY, AND M. T. STICKNEY, *Trustee.*

A cashier of a bank, in which are deposited the funds of a corporation, cannot be holden as trustee of said corporation, although he is also treasurer of said corporation, and deposited the funds in the bank as such treasurer.

ON EXCEPTIONS to the ruling of KENT, J., at *Nisi Prius*, discharging the alleged trustee on the following disclosure :

"At the time of the service of the writ upon me in this action, I had not, in my individual capacity, any goods, effects or credits of the defendant corporation deposited with me. Said corporation had funds, at the time of said service, deposited in the Merchants' Bank, of the funds of which bank I had the charge as cashier; said funds then stood on the books of said bank to the credit of defendant corporation; and that otherwise, personally, or as cashier, I had no goods, effects or credits of said defendant corporation in my hands or possession. I made the deposit of said funds in said bank as treasurer of said defendant corporation.

"I draw the funds of said defendant corporation, signing officially as "Treasurer," under the direction of the directors. I am treasurer, and act as such. All the money earn-

ed by the boats of the defendants, or otherwise, are paid to me as treasurer, and deposited by me from time to time in the bank under the head of "M. T. Stickney, Treasurer," by which I meant to designate the Maine Steam Navigation Company."

The writ described the alleged trustee as cashier.

The presiding Judge discharged the trustee and the plaintiff excepted.

*J. A. Peters*, for the plaintiff.

The opinion of the Court was drawn by

APPLETON, C. J. — The supposed trustee, as treasurer of the defendant corporation, received its funds and deposited the same to its credit with the Merchants' Bank, of which he is cashier.

The writ in this case describes the trustee as cashier. But, as cashier, he holds no funds of the principal debtor. They are deposited with the bank. The bank is responsible for their safe keeping. The contract arising from their deposit is between the defendant corporation and the bank — not between the defendant corporation and the cashier of the bank. As cashier the trustee is not chargeable.

Neither can the supposed trustee be held by virtue of his being treasurer of the defendant corporation, and, as such, officially having its funds in his custody. A corporation can act only by and through its officers. A payment to its treasurer is a payment to the corporation. The funds paid are with the corporation and belong to the same. The treasurer holds them only as an officer of the corporation. He holds no funds in his individual right. If he did he would cease to hold them as an officer of the corporation. To charge the treasurer of a corporation for its funds in his hands officially, would imply that, when holding such funds, he was its debtor and not its official agent. A corporation could hardly be summoned as trustee of itself. But to charge its officer, while holding its funds as such, would be

to charge it as trustee of itself. It would be to determine that the trustee held the funds as an individual and not as an officer, which is not the fact.

The supposed trustee, individually, has no goods, effects or credits of the defendant corporation entrusted to, or deposited with him. As its treasurer, he holds the funds as an officer of the corporation. They are funds held by the corporation through its treasurer. It is the only mode by which a corporation can hold its funds. Such funds, so held, are not goods, effects, nor credits of the principal debtor entrusted to or deposited with the supposed trustee, but are the funds of the corporation in its own custody, and in charge of its appropriate officer. *Pettingill* v. *And. R. R. Co., & Trustee*, 51 Maine, 370.

*Exceptions overruled.*

CUTTING, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.