# CURTIS VS. BRADFORD, Garnishee.

GARNISHMENT:. (1) *Judgment on answer of garnishee.*
JURISDICTION: (2) *Personal injuries committed in another state.* (3) *Foreign railroad company; jurisdiction how acquired.*

1. Judgment may be taken against a garnishee on his answer, without raising any issue of fact, where such answer itself shows his liability.
2. Courts of general jurisdiction in this state entertain actions for *personal injuries* where the act complained of was committed *in another state.*
3. Where the defendant to such an action was a railroad company, whose principal office is in another state, jurisdiction of such company may be acquired by *attachment* of its property in this state and service of summons as required by the statute.

APPEAL from the Circuit Court for *Milwaukee* County.

*Curtis* brought his action in attachment against the Detroit & Milwaukee Railroad Company, a corporation of the state of Michigan, for damages sustained by personal injuries done to his wife while entering defendant's cars at a station in Michigan. Plaintiff's affidavit alleged that defendant had no officer or managing agent in Wisconsin, but that it had property within the state, and that *Bradford* was defendant's ticket agent at Milwaukee. Affidavit for garnishee process was made, and *Bradford* was garnisheed, and appeared and answered, disclosing certain money and effects of defendant in his possession. Service was had on the company by publication; also service of summons and complaint, affidavit, order of attachment and attachment, on the ticket agent, *Bradford.* Judgment against the railroad company by default, for $5,000 and costs. Plaintiff afterwards moved the court for judgment against the garnishee upon his answer, which motion was sustained, and judgment rendered for the amount of money disclosed, and that he deliver to the sheriff the specific articles of property belonging to the railroad, in his possession. *Bradford,* upon the record, pleadings and proceedings in the original suit against the rail-

road, moved in arrest of judgment against himself, on the ground that no valid judgment was entered against the company, and that the court neither had jurisdiction of the defendant, nor of the subject matter in said action. Motion denied; and *Bradford* appealed.

*Emmons & Hamilton*, for appellant. [No brief on file.]

*Butler & Winkler, contra,* upon the question of jurisdiction, contended that the delivery of a copy of the summons and complaint to the ticket agent, together with the service by publication, gave the court undoubted jurisdiction in the original action. Counsel also argued that the action, although for an injury to the person of plaintiff's wife, committed in another state, was not local under the statute. R. S., ch. 123, p. 716; Tay. Stats., 1422-3. Nor was it a local action at common law. Actions for torts to the person are considered as transitory, and, though committed in foreign states or countries, they are within the jurisdiction of our own courts. *Ackerson v. Erie R. W. Co.,* 2 Vroom., 309; *Hannibal & St. Joseph R. Co. v. Mahoney,* 42 Mo., 467; *Mason v. Warner,* 31 Mo., 508; *Smith v. Bull,* 17 Wend., 323; *Gardner v. Thomas,* 14 Johns., 134; *Latourette v. Clarke,* 45 Barb., 327; *Hoy v. Smith,* 49 Barb., 360; *Northern etc. R. Co. v. Scholl,* 16 Md., 331; *Robinson v. Armstrong,* 34 Me., 145; *Barrill v. Benjamin,* 15 Mass., 354.

COLE, J. The counsel for the garnishee has not furnished us with any briefs in this case, and we are ignorant of the points upon which he relies for a reversal of the judgment. Judgment was rendered against the garnishee upon his answer, and it does not exceed the amount of moneys which he admitted to be in his hands belonging to the railroad company. It is true there was no issue made upon the answer, nor do we suppose it was necessary when the plaintiff was willing to admit that the statements therein made by the garnishee as to his indebtedness to the company were according to the facts. There was surely no occasion for the trial of an issue, when nothing

Curtis vs. Bradford, Garnishee.

was controverted in the answer.    It is stated upon the brief of the counsel for the plaintiff, that it was claimed by the garnishee that the court never acquired jurisdiction of the corporation in the principal suit, and that the judgment against it was void.    But, as he also adds, the record shows that the objection is untenable.   It appears that the defendant was a railroad company, whose general office was not within this state, and also that it had property within the state, and the defendant was regularly proceeded against by attachment and service of summons as prescribed by the statute.   The court below clearly acquired by its proceedings jurisdiction of the defendant corporation.

It further appears that the principal suit was brought to recover for injuries done to the plaintiff's wife while attempting to get aboard the defendant's cars at a station in Michigan. It was doubtless an action sounding in tort, for an injury inflicted in another state, but still one transitory in its character and triable by the courts of this state.   This proposition is in accordance with reason, and is amply sustained by the authorities to which we are referred on the brief of the counsel for the plaintiff.    Those authorities establish the doctrine that courts of general jurisdiction entertain actions for personal injuries even where the act complained of was committed in another state.   And as we are unable to discover any error in the proceedings in the circuit court, the judgment against the garnishee must be affirmed.

*By the Court.* — Judgment affirmed.