EVA MUETH, Appellant, v. FRANCIS SCHARDIN, GARNISHEE, Respondent.

October 30, 1877.

The treasurer of a private corporation cannot be summoned as garnishee at the suit of a creditor of the corporation.

APPEAL from St. Louis Circuit Court.
Affirmed.

FINKELNBURG & RASSIEUR, for appellant, cited: Weil v. Tyler, 38 Mo. 545; Karns v. Pritchard, 36 Mo. 135.

H. N. HART and H. B. WILSON, for respondent, cited: Neuer v. O'Fallon, 18 Mo. 277; Pellingal v. Androscoggin, etc., Co., 51 Me. 370; Fowler et al. v. Pittsburg & Ft. Wayne R. Co., 35 Pa. St. 22; McGraw v. Mobile & Ohio R. Co., 5 Coldw. 434.

BAKEWELL, J., delivered the opinion of the court.

This record presents for our determination the single question whether money in the hands of a treasurer of a private corporation can be attached in his hands at the suit of a creditor of the corporation.

The possession of the treasurer is the possession of the corporation debtor itself; and, as the property to be reached by garnishment must be in the hands of a person other than the debtor, and one cannot be summoned as garnishee of himself, it seems quite clear, from reason, that the money of the corporation in the hands of its treasurer cannot be reached by this method. A corporation acts through its officers; and the acts of its officers are its acts. The real possession and control of the money of a corporation is with the corporation, and not with its treasurer. That the treasurer of a corporation is not in such a sense a debtor of the corporation as to be held liable to be summoned as garnishee has been repeatedly decided. *McGraw* v. *Railroad Co.*, 5 Coldw. 440; 35 Pa. St. 22; 51 Me. 370. We believe there is no contrary ruling.

The judgment of the Circuit Court is affirmed. All the judges concur.