Felch vs. The Eau Pleine Lumber Co. and another, Garnishee.

Felch vs. The Eau Pleine Lumber Company and another, Garnishee.

*October 1 — November 20, 1883.*

*Garnishment.*

Where A. after collecting moneys for B. pays the same to a creditor of B., contrary to the direction of the latter, he may be held liable therefor in garnishee proceedings by other creditors of B.

APPEAL from the Circuit Court for *Portage* County.

The plaintiff being the owner of a judgment against the defendant, *The Eau Pleine Lumber Company*, upon which there remained unpaid about $1,000, summoned *H. D. McCulloch* as garnishee of said defendant. The garnishee answered, alleging that he was in no way indebted or under liability to the defendant and had no property belonging to it in his possession or under his control. The plaintiff took issue upon this answer, and the cause was tried by the court, a jury having been waived. The facts as they appeared from the evidence are stated in the opinion. The remittance of $500 by the garnishee to Howe was made on the day before the garnishee summons was served.

There was a judgment in favor of the plaintiff, directing the payment and delivery of certain moneys and uncollected accounts in the hands of the garnishee to the sheriff to be applied on the judgment against the defendant, and also for costs against the defendant. The plaintiff appealed from the judgment.

The cause was submitted for the appellant on the brief of *Jones & Sanborn*, and for the respondent on that of *G. W. Cate*, attorney for garnishee.

For the respondent it was contended, among other things, that his liability for the payment of the money to Howe, if he is liable at all, cannot be enforced in this proceeding. It is not *property* in his hands belonging to the defendant. If

there is any liability it is because of a breach of trust in paying the money. Whatever the fact as to the respondent's duty, the payment was a valid payment as between Howe and the defendant; and there could be no recovery of the money by the defendant without showing a want of indebtedness, which is not claimed. If liable to the defendant by reason of violating its instructions, the respondent is liable only for the damages sustained. But the defendant was not injured. It has had the full benefit of the payment. If it can compel the respondent to pay the amount he paid to Howe, to itself, or in this action to the plaintiff, it will be the gainer by just $500. *Nelson v. Morgan*, 5 Am. Dec., 729. The damages sustained by the defendant by reason of the respondent's violation of instructions are not the subject of garnishee proceedings. They are not an indebtedness within the meaning of the statute. *Storm v. Cotzhausen*, 38 Wis., 139; sec. 2762, R. S.

ORTON, J. The defendant company placed in the hands of the garnishee, *McCulloch*, certain claims to collect, and by verbal agreement *McCulloch* was to pay himself out of the proceeds a debt the company owed him, and the claim of one James H. Howe for about $800, and the appellant his judgment against the company. Before the summons of garnishment was served upon him, he had collected said moneys, and had paid himself, and was then notified by the company that he should not pay the claim of said Howe out of such proceeds, but should hold the balance of said moneys for the company. Howe had no notice of such verbal direction of the company for *McCulloch* to pay his claim out of the proceeds of said collections, and had never assented thereto, and had never been notified that the money had been collected and held for him; but *McCulloch* remitted $500 of said moneys to Howe, and Howe receipted therefor. *McCulloch* had not only been directed not to pay Howe out of such moneys by the company, but the plaintiff had

demanded of him that they should be paid upon his judgment. The circuit court found that the plaintiff was not entitled to recover from the garnishee said $500. The third finding is: "I do not decide the question of liability as to the said sum of $500 between the said *Eau Pleine Lumber Company* and the said *H. D. McCulloch,* for the reason above stated, that I hold that plaintiff cannot reach it by garnishee process."

The circuit court refused to find the only material fact in the case, which was whether the garnishee owed the defendant in the execution this debt. It is not sufficient to find, as a conclusion of law, that the plaintiff cannot recover this $500 from the garnishee. His right to recover it depended upon the fact whether *McCulloch,* the garnishee, owed it to the defendant company, and that fact is not found at all. This would be sufficient in itself to reverse the judgment. But, on the evidence and the whole case as presented in the record, we are clearly satisfied that the garnishee, *McCulloch,* had no right to pay this $500 to Howe against the specific directions of the company, whose agent he was for the collection of the claims of the company, and the demand of the plaintiff, when he had not become bound in any way by any notice, arrangement, or otherwise to pay Howe before such direction was given and demand made. He sent the money to Howe at his own risk, to pay it, if required, to the company, or respond as garnishee for that amount to the plaintiff. The case is sharply ruled by *Huntley v. Stone,* 4 Wis., 91, in which the precise question or principle was involved.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to render judgment in favor of the plaintiff, and against the garnishee, *McCulloch,* for the amount for which the former judgment was rendered, and for the additional sum of $500, together with costs.