MAYO and others, Appellants, vs. HANSEN, Garnishee, Respondent.

*December 1 — December 15, 1896.*

*Garnishment: Corporations: Money in hands of officer: Appeal: Amount involved.*

1. The treasurer of a private corporation may be garnished by its creditors to reach money in his hands belonging to the corporation.
2. In determining whether a certificate of the trial judge is necessary on an appeal in garnishment proceedings to enforce collection of a judgment recovered in justice court, the amount involved is the amount recovered in the justice's court with the costs in that court.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

This action was a proceeding by garnishment against the respondent, in the action of *Albert G. Mayo* and others against the Milwaukee Amusement Company, in justice's court. From a judgment there rendered in favor of the plaintiffs, against the garnishee, for $102.17, the amount of the damages and costs in the principal action, and the costs of the garnishee action, taxed at $6.10,— in all, $108.27,— the latter appealed to the superior court of Milwaukee county. The answer of the garnishee disclosed the fact that he, as treasurer of the defendant corporation, had money in his possession belonging to it, to the amount of $500, but that he was not in any manner indebted to the defendant corporation, and had no other money or property belonging to it in his possession or under his control. Upon the facts thus stated, that court found that the garnishee, *Hansen* was in no manner indebted to the defendant corporation and did not, when served with process of garnishment, have, and has not, any personal property, money, credits, or et'

fects in his hands, or in his possession, or under his control, belonging to the defendant, subject to garnishment; and, as a matter of law, that he was in no manner liable as garnishee in the action. Judgment was given in favor of the garnishee, dismissing the proceedings against him, with costs, from which the plaintiffs appealed to this court.

The cause was submitted for the appellants on the brief of *Edgar L. Wood*, and for the respondent on that of *David S. Rose.*

To the point that the treasurer of the defendant corporation was not subject to garnishment, counsel for the respondent cited Waples, Attachment & G. (2d ed.), § 454; *Mueth v. Schardin*, 4 Mo. App. 403; *McGraw v. M. & O. R. Co.* 5 Coldw. 440; *Pettingill v. Androscoggin R. Co.* 51 Me. 370; *First Nat. Bank v. Bristol I. & S. Co.* 12 Pa. Co. Ct. R. 176; *Fowler v. P., Ft. W. & C. R. Co.* 35 Pa. St. 22; *Sprague v. Steam Nav. Co.* 52 Me. 592; *Wilder v. Shea*, 13 Bush, 128.

PINNEY, J.    1. The statute under which it is sought to charge the defendant is that the garnishee, from the time of the service of the summons, "shall stand liable to the plaintiff to the amount of the personal property, money, credits, and effects belonging to the defendant, and the amount of his indebtedness to the defendant then due, or to become due, and not by law exempt from sale on execution." R. S. sec. 3719.    The garnishee, at the time of the service of the summons, was the treasurer of the private corporation defendant in the action, and had in his possession, as such, $500 of the money of such corporation.    It does not appear that the corporation had ever demanded that the garnishee should pay or deliver this money to the corporation; and, as between him and the corporation, no cause of action existed, for want of such demand for its delivery to and recovery by such corporation.    He held it as its treasurer, and in the discharge of his duties as such.    Whether the

defendant is liable in such case, as garnishee of the corporation, at the suit of its creditor, by reason of having its property in his possession, is a question upon which the authorities are in irreconcilable conflict. By many of the cases it is held that garnishment is a proceeding against *third persons;* that is to say, that it cannot be maintained against persons who stand in such relation to the defendant that their garnishment is, in fact and effect, but the garnishment of the defendant. Drake, Attachment, § 465*a;* Waples, Attachment, § 454; Rood, Garnishment, §§ 42, 53. Confessedly, the possession by the garnishee in the present case is, in law, the possession of the corporation; and, as to such possession of the corporate funds in the regular disbursement of them, there is great force in the position that he is *pro hac vice* the corporation itself; but in many such cases treasurers or agents, so holding the money of private corporations, have been charged as garnishees, as in the case of the tollgate keeper, paymaster, treasurer, or station agent of a railroad company, and the like (Rood, Garnishment, § 43; *Central Plank-Road Co. v. Sammons,* 27 Ala. 380; *Littleton N. Bank v. P. & O. Railroad,* 58 N. H. 104; *Jepson v. International F. Alliance,* 17 R. I. 471; *First Nat. Bank v. Burch,* 80 Mich. 242; *First Nat. Bank v. D. & St. P. R. Co.* 45 Iowa, 120; *Hughes v. Oregonian R. Co.* 11 Oreg. 158); while in similar cases in other states the liability of the garnishee is denied (*Fowler v. P., Ft. W. & C. R. Co.* 35 Pa. St. 22; *Pettingill v. Androscoggin R. Co.* 51 Me. 370; *Sprague v. Steam Nav. Co.* 52 Me. 592; *McGraw v. M. & O. R. Co.* 5 Coldw. 434; *Mueth v. Schardin,* 4 Mo. App. 403; *Wilder v. Shea,* 13 Bush, 128).

The decisions in this state seem to and perhaps may be fairly said to have established the doctrine in favor of the liability of the garnishee in all such and similar cases. In the case of *Ballston Spa Bank v. Marine Bank,* 18 Wis. 493, which was an examination of the president of the Marine

Bank on proceedings supplemental to execution, Dixon, C. J., disposes of the question that a proceeding to examine the president was a proceeding against the bank itself, and therefore he could not be examined as to the property of the bank in his hands as such president, asserting the more liberal rule in favor of creditors, and said: "There can be no doubt but that the property of a private corporation is liable for its debts, and that, whether such property is found in the hands of its president or any other person. The possession is immaterial so far as the question of liability is concerned, for neither the president nor any other officer of the corporation has any right to withhold its property when required to answer the just debts of the corporation. It would be easy indeed for such corporations to avoid the payment of their debts, if placing their property in the hands of their officers was placing it beyond the reach of creditors;" and that Harris, the president, was to be "regarded as an individual having in his hands property of the bank, liable in law for the satisfaction of its debts, and the fact that he happened at the same time to be its president constitutes no excuse whatever for the refusal to surrender such property," or answer concerning it. In *Curtis v. Bradford*, 33 Wis. 190, a garnishee proceeding against the agent of a Michigan railway company, in an action against the company for a personal injury brought in the courts of this state, was regarded as regular and proper. In *Everdell v. S. & F. du L. R. Co.* (and one Ewen, its cashier and paymaster), 41 Wis. 395,— a proceeding under sec. 103, ch. 134, 2 Tay. Stats., quite analogous to the proceeding by garnishment, and which was treated by the court as substantially the same,— it was held that the paymaster of the railroad company was subject to such proceeding, in respect to the moneys of the railroad company in his hands as such. And in *Felch v. Eau Pleine L. Co.* (and another, garnishee), 58 Wis. 431, the agent of the com-

Mayo and others vs. Hansen.

pany was held liable to garnishment, at the suit of a creditor of such company, in respect to moneys which he had collected and held for it, as such agent. In general, an agent holding the property of his principal is subject to garnishment by the creditors of his principal, by reason of the money or property held by him as such agent. Rood, Garnishment, § 43; *Storm v. Cotzhausen*, 38 Wis. 139; *Greene & Button Co. v. Remington*, 72 Wis. 648.

The fair result of the cases in this state, we think, sustains the contention that an officer or agent of a private corporation may be garnished by its creditors in respect to money or property in his hands belonging to it. The officers or agents of public corporations, or *quasi* public officers, are not liable to the proceeding in respect to money in their hands as such upon grounds of public policy, but it cannot be fairly said that the liability of an officer or agent of a *private corporation* is affected by any such considerations any more than that of an agent of a natural person in a similar case. While, in the present case, the garnishee is an officer of the corporation, exercising certain official functions in the internal administration of the affairs of the company, he is still, as to the public, but an authorized agent of the corporation, with more or less extensive powers. When the officer has the actual possession and the physical control of the moneys of the corporation, it would seem to be an unsubstantial refinement to deny the remedy because the debtor himself has a right to control the application and use of the funds. The language of the statute is very broad, and it is a remedial one and should be liberally construed. There can be no sound reason for holding that a private corporation, as a debtor, is entitled to put its moneys or property into the hands of one of its officers or agents, and enjoy an immunity from the proceedings of creditors to reach it by garnishee process, denied to a natural person, who puts his money or property in the hands of his agent.

The objection that sustaining the garnishment in question is to sustain a proceeding which is practically a garnishment of the debtor defendant is really quite technical and without substantial merit.

2. The judgment of the superior court was appealable. The amount involved in that court was the amount of the judgment which the creditor had recovered against the corporation in justice's court, which exceeded $100. The question was whether the plaintiff was entitled to have it satisfied out of the moneys actually in the hands of the treasurer, the garnishee. There was no occasion, therefore, for any certificate of the judge of that court to confer jurisdiction of this appeal. We hold, therefore, that the judgment of the superior court is erroneous.

*By the Court.*— The judgment of the superior court is reversed, and the cause is remanded for further proceedings according to law.