(108 So. 408)

No. 25797.

## SWIFT & CO. v. CENTERVILLE CO., Inc.

(March 29, 1926. Rehearing Denied May 3, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Garnishment ⬤⟹22.**

Under Code Prac. arts. 242, 642, only third persons, and not defendants in suit or in execution of judgment, are subject to garnishment.

**2. Garnishment ⬤⟹24 — Officers of defendant corporation, in possession of corporate property, are not subject to garnishment by judgment creditors of corporation (Code Prac. arts. 242, 642).**

Officers of defendant corporation, in possession of its property as officers, are not subject to garnishment by judgment creditor, in view of Code Prac. arts. 242, 642, providing that only third persons can be garnished.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Percy Saint, Judge.

Action by Swift & Co. against the Centerville Company, Inc., wherein officers of defendant were garnisheed. In matter of rule to show cause why officers of defendant should not file answer as garnishees. Judgment for defendant, and plaintiff appeals. Affirmed.

Charles J. Boatner, of Franklin, and Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for appellant.

Margaret Wooster, of Franklin, for appellee.

BRUNOT, J. The facts of this case are admitted, and only a question of law is presented for decision, viz. Can officers of a corporation, in possession of corporate property, in their capacity as officers of the corporation, be garnisheed quoad such property by a judgment creditor of the corporation?

[1] Only third persons, not defendants in the suit or in execution of a judgment, can be garnisheed under the provisions of articles 242 and 642 of the Code of Practice. Article 242 is as follows:

"The property of a debtor may be attached in the hands of third persons by his creditor, in order to secure the payment of a debt, whatever may be its nature, whether the amount be liquidated or not, provided the creditor, his agent or attorney in fact, who prays for the attachment, state expressly and positively the amount which he claims."

Article 642 is as follows:

"This writ is directed to the sheriff of the parish where the property of the debtor is

situated, and orders him to seize the property real and personal, rights and credits of the debtor, and to sell them to satisfy the judgment obtained against him; and all writs of fieri facias, issued by the clerks of the several courts throughout the state, shall be made returnable by them in not less than thirty nor more than seventy days.

"And whenever a party plaintiff in a cause has applied for a writ of fieri facias against the defendant, and has reason to believe that a third person has property or effects in his possession, or under his control, belonging to the defendant, or is indebted to him, he may cause such third person to be cited to answer, under oath, such interrogatories as may be propounded to him touching said property and effects, or such indebtedness, in the same manner and with the same regulations as are provided in relation to garnishees in cases of attachment, and pursuant to special laws."

[2] The question which is presented to us is whether the officers of a corporation, who are the mere agencies through which the corporation acts and conducts its affairs, are third persons within the meaning of the articles of the Code of Practice which we have quoted, or whether they are the corporation itself and the defendant in the suit. If they are the latter, they are not such third persons as are contemplated by the Code, and are, therefore, not subject to the garnishment process, because they are the defendants, and this process is not authorized against the defendant in a suit. The question is res nova so far as the jurisprudence of this state is concerned, and we approach its solution with some misgivings, because the courts of our sister states are not in accord; some of them sustaining the right of a judgment creditor to garnishee the officers of a corporation quoad the property of the corporation under their control, while others deny that right. We have discovered, however, that in the states wherein the process is authorized there were statutes which the courts construed as permitting it. In this state there is no statute on the subject. Counsel for defendant and appellee has cited 36 L. R. A. 561, in support of the proposition that—

"The officers of a corporation, the human agencies through which the corporation functions, cannot be garnisheed, as officers, by a creditor of the corporation."

The case cited is Albert G. Mayo et al. v. Milwaukee Amusement Co., 69 N. W. 344, 94 Wis. 610, 59 Am. St. Rep. 919, and the ruling in that case was adverse to counsel's contention. In that case the court held that—

"The treasurer of a private corporation having, as such, moneys of the corporation in his hands, may be garnished on a judgment against the corporation."

This was a Wisconsin case, and in that state the Revised Statutes, § 3719, specially authorizes the process. In the note to that case we find the following:

"The laws of the different states, with few exceptions, will not permit the garnishment of the officers of public corporations, from consideration of public policy, it is said, and because the usefulness of public servants would thereby be impaired, but no considerations of public policy arise in the case of private corporations.

"The officers and agents of private corporations come more nearly within the rules applicable to agents and individuals, and yet those rules are not always applicable, for the reason that agents are in many cases 'the very hands of the company.'"

In Pennsylvania the Supreme Court held that a ticket agent of a railroad could be garnisheed by a judgment creditor of the railroad for money received by him from the sale of tickets to passengers. On the other hand, the Supreme Court of Maine, in Pettingill v. Androscoggin R. Co., 51 Me. 370, held that money in the hands of the ticket agent could not be garnisheed. We do not find that there is a statute in either of these states authorizing the garnishment of officers of a corporation quoad the property of the corporation in their possession, in their capacity as officers thereof, but in all other

states, where the right to do so is recognized and enforced, there is some legal provision upon which the courts' ruling is based. In this state there is no provision except the articles of the Code of Practice which we have quoted, and under the provisions of those articles only third persons who have property in their possession or under their control, or who may be indebted to the judgment debtor, can be garnisheed. The lower court applied articles 242 and 642 literally, and we think the application is correct.

The judgment appealed from is therefore affirmed, at appellant's cost.