PEARSON, Judge.
Petitioner has presented to this court a suggestion for a writ of prohibition which challenges the authority of the Juvenile and Domestic Relations Court of Dade County to issue a writ of garnishment. The response to the rule issued upon the petition admits the following facts alleged in the petition.
Two judgments were entered against the petitioner by one of the judges of the Juvenile and Domestic Relations Court of Dade County. The judgments were entered on June 22, 1966, and Feb. 6, 1967, respectively. The judgments are not challenged. It is therefore presumed that they arose out of petitioner’s duty toward some member of his- family. Some four years later on May 17, 1971, the Juvenile and Domestic Relations Court of Dade County issued a writ of garnishment for the face amount of the two judgments. The writ of garnishment is directed to the City National Bank of Miami. The writ states that it is issued upon the petition of “Vivian Duncan (formerly Cosgrove) as custodian of John, Sandra L. and Frank F. Cos-grove, Jr.”
Petitioner urges that the Juvenile and Domestic Relations Court of Dade County does not have the requisite jurisdiction to issue a writ o-f garnishment. It is urged: 1) The court is a court of limited jurisdiction and without full common law jurisdiction. 2) The jurisdiction to issue a writ of garnishment must be expressly granted by the constitution or the legislature for a court of limited jurisdiction to have authority to issue the writ.
The response to the rule meets directly the issues raised. The response admits that the Juvenile and Domestic Relations Court of Dade County is a special court of limited jurisdiction. It is urged that the jurisdiction to issue writs of garnishment is an implied authority stemming from the jurisdiction granted the court in the act creating the court. The court was created by the legislature in 1951 in a population act which is found at Chapter 27,000, Laws of Florida, 1951. The portion of the act relied upon by respondent is in section 3 and reads as follows:
“ * * * jurisdiction, power and authority to receive, investigate, hear and determine complaints, render judgments, and to make lawful and reasonable orders for the enforcement thereof, involving any of the following: Concerning the violation of any Statutes of this State, now existing or hereafter enacted, for the protection of minors and involving any child under 17 years of age, including violations of any statutes in which the gravamen of any such alleged violation, complaint or proceeding, is the failure or neglect of one member of a family to discharge any legal duty owed to another member of such family, directly and reasonably involving the moral or physical welfare of any child, and particularly laws relating to non-support, withholding support * * * concerning the enforcement of any decree or order o-f any other court involving alimony, support, legal separation, separate maintenance, or child custody, whenever any child or the parent thereof residing in such county, is reasonably involved and threatened with becoming dependent upon the public for support because of non-compliance with such decree or order, being given concurrent jurisdiction with other courts for such purpose in *599 keeping with procedure herein provided, primarily to protect the welfare of any such child by appropriate orders * * ”
Respondent urges that the authority to issue the writ is a necessary adjunct of its authority to: “make lawful and reasonable orders for the enforcement thereof, involving * * * any legal duty owed to another member of such family * * *."
We hold that the Juvenile and Domestic Relations Court of Dade County does not have jurisdiction to issue writs of garnishment. Garnishment is a statutory remedy in derogation of the common law and is not to be extended beyond the provisions of the statute. Duval County v. Charleston Lumber and Mfg. Co., 45 Fla. 256, 33 So. 531, 60 L.R.A. 549, 3 Ann.Cas. 174 (1903). Garnishment in Florida is provided by Fla.Stat. Chap. 77. Florida Statute § 77.01 F.S.A., provides: “Every person who has sued to recover a debt or has recovered judgment in any court against any person * * * has a right to a writ of garnishment * * [Emphasis supplied] Proceedings in the Juvenile and Domestic Relations Court of Dade County are not law suits. See Laws of Florida, Ch. 27,000, § 5 (1951). It cannot, in our opinion, be said that Vivian Duncan, as custodian of John, Sandra L. and Frank F. Cosgrove, Jr. sued to recover a debt or recovered a judgment.
Respondent asks that we imply an intent in the legislature, when it enacted Chapter 27,000, Laws of Florida, 1951, to-grant to the Juvenile and Domestic Relations Court the jurisdiction to issue writs of garnishment. We must respectfully decline to so hold and we think that this holding is reinforced by the fact that in the case of the following courts of limited jurisdiction the legislature has found it appropriate to make a specific grant of the jurisdiction to issue writs of garnishment: Civil Courts of Record, F.S. § 33.02(1), F.S.A.; County Courts, F.S. § 34.01(5); Justice of Peace, F.S. § 37.01(1) (h), F. S.A.
Petitioner correctly points out that the procedure set forth in Fla.Stat. Chap. 77 provides for a jury trial of any issues made by the pleadings or upon the motion for garnishment. There is no express provision in Chapter 27,000 for a jury in the Juvenile and Domestic Relations Court of Dade County.
Having decided the question involved, we do not find it necessary at this time to issue the writ requested because of our full confidence that Respondent will abide by this decision or subsequent modification thereof.