GRIMES, Judge.
This is an appeal from a judgment on writ of garnishment.
At the outset Scogin’s Inc. obtained a judgment against Buck Scogin and Sally L. Scogin. Thereafter, Scogin’s Inc. filed a motion for writ of garnishment directed to Buck Scogin as garnishee alleging that Buck was indebted to Sally. Sally filed a motion to dismiss the writ asserting that since Buck was liable on the judgment himself, any monies paid to Scogin’s Inc. by Buck should be paid as a debtor and not as a garnishee. Buck filed an answer admitting that he was indebted to Sally in the amount of $4,500.00, payable at the rate of $600.00 per month for a period of seven months with the balance of $300.00 due the following month. The court entered a judgment whereby Scogin’s Inc. recovered from Buck as garnishee his indebtedness to Sally in the amount of $4,500.00, “said sum to be paid dn accordance with the terms of the garnishee’s indebtedness to the defendant, Sally L. Scogin.” Sally appealed but Buck did not.
Sally poses the question of whether a co-defendant who is jointly liable for a judgment can be named as a garnishee under the Florida Garnishment Statute (F.S. 77.01 F.S.A.). This statute reads as follows :
“Right to garnishment. — Every person who has sued to recover a debt or has recovered judgment in any court against any person, natural or corporate, has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. The officers, agents and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations.”
Sally argues that Buck cannot be considered a third person within the contemplation of the statute subjecting to garnishment “any debt due to defendant by a third person.”
There is no Florida precedent on this issue. The only case in which the point appears to have been considered with respect to a statute containing substantially similar language is Swift & Co. v. Centerville Co., Inc., 161 La. 183, 108 So. 408 (1926). There, the court stated that only third persons and not defendants in the suit were subject to garnishment.
Garnishment is a statutory remedy in derogation of common law and should not be extended beyond statutory authority. Duval County v. Charleston Lumber & Mfg. Co., 1903, 45 Fla. 256, 33 So. 531; State ex rel. Cosgrove v. Juvenile & Dom.Rel.Ct, Fla.App.1971, 252 So.2d 597. We hold that garnishment does not apply to a co-defendant who is jointly liable on the same judgment. We cannot see how our holding can prejudice a creditor in the proper collection of his judgment, and it might under some circumstances avoid the possibility of collusion between a *714 creditor and one of several co-judgment debtors.
The judgment is reversed.
MANN, C. J., and BOARDMAN, J., concur.