liDECUIR, Judge.
Reading & Bates Construction Company and Reading & Bates Horizontal Drilling, Ltd. brought garnishment proceedings to collect a judgment rendered July 6, 1992 by a Canadian court against Baker Energy Resources Corporation for patent infringement. The Canadian judgment was made executory in Orleans Parish. Thereafter, Reading & Bates filed a petition seeking to have the Orleans Parish judgment made executory in . Lafayette Parish. Reading & Bates also sought to have Woodson Construction Company and Laine Construction Company, Inc. cited as garnishees alleging it had cause to believe that Baker had entered into a contract with Woodson, which has its registered office in Lafayette Parish, and that Baker would be receiving monies for work performed pursuant to the contract. The judgment was made executory in Lafayette Parish in April 1993.
Woodson subsequently served Reading & Bates with responses to garnishment interrogatories stating that Woodson had indirect control of certain monies owed BERCO Services, Inc., representing payment for work performed by BERCO for Laine Construction, a company associated with Woodson. Laine responded that it had direct control of monies owed to BERCO Services, Inc. Reading & Bates filed a rule to traverse interrogatory answers on the grounds that Baker and BERCO Services, Inc. are one and the same business despite an alleged transfer of assets from Baker to BERCO Services, Inc. This transfer allegedly occurred after and as a result of a legal Rbattle in Canada resulting in the judgment against Baker. Reading & Bates alleged the purported transfer was a sham by BERCO (presumably Baker Energy Resources Corporation), BERCO Services, Inc., and LLR Holding Corporation entered into for the purpose of defrauding Baker’s creditors, and requested that BERCO, BERCO Services, Inc., and LLR be cited as defendants so that these entities may defend and assert any rights to garnished funds.
Baker and BERCO Services, Inc. filed several exceptions alleging therein that Baker Energy Resources Corporation and BERCO Services, Inc., are two distinct legal entities. Baker and BERCO Services, Inc. alleged in exceptions the improper use of summary proceedings and further they had been brought into the action without citation, service and without ordinary delays. The trial court found the answers to interrogatories to be truthful, discharged the garnishees, Woodson and Laine, and found that Reading & Bates failed to carry their burden of proof. The trial court rendered judgment sustaining the exceptions of improper use of summary proceedings, lack of personal jurisdiction, and insufficiency of service of process. We affirm.
Reading & Bates appeals contending that the trial court erred in granting the exceptions arguing that it is not improper use of summary proceedings to cite third parties as defendants to a garnishment proceeding to test the validity of the third parties’ claims to garnished funds and to resolve issues of fraudulent or simulated transfers in a garnishment proceeding and, the trial court therefore, erred in sustaining the exceptions of insufficiency of service of process and lack of personal jurisdiction.
A garnishment proceeding is a legal process merely for obtaining seizure of property of the judgment debtor in the hands of a third party, in this case Woodson and Laine. La.Code Civ.P. art. 2411. Reading & Bates sought to make Baker and BERCO defendants to the garnishment proceedings alleging issues of fraudulent transfer under an “alter ego” theory of law. Such an action is not within the scope of summary garnishment proceedings. Furthermore, we find no manifest error in the trial court’s factual finding that Reading & Bates failed to sustain its burden of proving that the garnishees had in their possession property belonging to Baker Energy Resources Corporation. See La.Code Civ.P. art. 2415; Rosell v. ESCO, 549 So.2d 840 (La.1989).
Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.