STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WAGONER GRAVEL[,] LLC

VERSUS

C. & J. DIRT, INC.[,] ET AL[.]

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 44,918-B
HONORABLE LEO BOOTHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

**REVERSED AND VACATED.**

L. Lane Roy
M. Benjamin Alexander
Matthew S. Green
Preis & Roy (A Professional Law Corporation)
Post Office Drawer 94-C
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(318) 237-6062
COUNSEL FOR DEFENDANT/APPELLANT:
    Gilchrist Construction Company, LLC

**Virgil Russell Purvis, Jr.**
**Post Office Box 298**
**Jonesville, Louisiana 71343**
**(318) 339-8526**
**COUNSEL FOR DEFENDANT/APPELLANT:**
   **Gilchrist Construction Company, LLC**

**John Sturgeon**
**Sturgeon & Boyd**
**Post Office Drawer 1463**
**307 Texas Avenue**
**Ferriday, Louisiana 71334**
**(318) 757-4151**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
   **Wagoner Gravel, LLC**

**James L. Carroll**
**Mixon & Carroll, PLC**
**Post Office Box 1619**
**107 Riser Street**
**Columbia, Louisiana 71418**
**(318) 649-9284**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
   **Homeland Federal Savings Bank on behalf of**
   **C & J Dirt, Inc.**

**GENOVESE, Judge.**

In this garnishment proceeding, the garnishee, Gilchrist Construction Company, LLC (Gilchrist), appeals the judgment of the trial court in favor of garnishor, Wagoner Gravel, LLC (Wagoner), on Wagoner's rule to traverse garnishment interrogatories propounded to Gilchrist. For the following reasons, we reverse and vacate the judgment.

## FACTS

The Louisiana Department of Transportation and Development (DOTD) began an extension project of Highway 131 in Concordia Parish, Louisiana. Gilchrist, the general contractor in charge of the project, executed a purchase order with C & J Dirt, Inc. (C & J), a subcontractor, to supply the necessary dirt and fill for the project. C & J entered into an agreement with Wagoner, the operator of a dirt and gravel pit, to supply the fill for the project and to transport it to the construction site. After delivery of the fill to the construction site had begun, it was discovered that the fill failed to meet DOTD specifications; thus, the construction project ceased. Remediation efforts were made to cure the fill, and, ultimately, the fill met DOTD specifications. Invoices between these entities allegedly went unpaid.

Wagoner filed suit against both C & J and Gilchrist, alleging it was owed $52,332.58 for providing the labor, materials, and transportation in connection with the construction project. In response, Gilchrist filed Exceptions of No Cause of Action, Vagueness and Ambiguity, and No Right of Action, and Answer to Petition. C & J failed to answer Wagoner's petition, resulting in Wagoner obtaining a default judgment against C & J in the amount of $52,332.58. Subsequently, Gilchrist filed a Cross Claim[1] against C & J, alleging that the fill provided by the subcontractor was

---

[1]On December 3, 2009, Gilchrist filed a Motion for Leave [of Court] to File Cross Claim on Behalf of Gilchrist Construction Co., LLC, which was opposed by Wagoner. The trial court set a

redhibitorily defective, and, consequently, C & J was indebted to Gilchrist for $70,605.09.[2]

In this same proceeding, Wagoner, as judgment creditor, filed a Petition for Garnishment against Gilchrist, as garnishee, wherein Wagoner prayed for the issuance of a writ of fieri facias for the seizure of "property and/or funds owed by the defendant, [C & J,] in the possession and/or control of either [sic] garnishee." The trial court signed the order on October 23, 2009, stating in pertinent part, as follows:

> IT IS FURTHER ORDERED that a writ of Writ of [sic] Fieri Facias issue, commanding the Sheriff of Rapides Parish [to] seize the property of the judgment debtor, [C & J,] in the possession of Gilchrist Construction Company, LLC[,] sufficient to satisfy the Plaintiff's judgment, in the amount of $52,332.58 and legal interest from the date of demand and costs.

In response to the Garnishment Interrogatories that were served along with the Petition for Garnishment, Gilchrist denied that it controlled any money, rights, credits, or property that belonged to C & J. To the contrary, Gilchrist responded that the "judgment debtor, [C & J,] is indebted to Gilchrist in the amount of at least $11,551.99. Therefore, it is [C & J] who has under its control money, rights, credits[,] and/or other property belonging to Gilchrist." And, in further response to Wagoner's Garnishment Interrogatories, Gilchrist stated that "[C & J] breached its agreement with Gilchrist by providing materials that were redhibitorily defective, causing Gilchrist to incur substantial expenses as a result, which renders [C & J]

_____

hearing date of December 28, 2009. The motion was heard by the trial court along with Wagoner's Rule to Traverse Gilchrist's Answers to Garnishment Interrogatories on December 14, 2009, at which time Gilchrist was granted leave to file its Cross Claim.

[2]The record reflects that subsequent to the December 14, 2009 hearing, an Answer to Cross Claim and Counter Claim was filed by Homeland Federal Savings Bank (HFSB) on behalf of C & J, asserting therein that "[C & J] factored [an] invoice with [HFSB] for the full amount of $19,346.10[,]" which it alleged was owed by Gilchrist to C & J. Further, HFSB alleged that "Gilchrist unilaterally and without [C & J's] or [HSFB's] consent[,] paid $119,753.39 against an amount owed of $188,806.49, leaving a balance still owed of $69,053.10."

liable unto Gilchrist."

Wagoner filed a Rule to Traverse Gilchrist's Answers to Garnishment Interrogatories, asserting that even if a credit of $11,551.99 was taken from the amount Gilchrist contended it was owed by C & J, there remained a balance of $63,818.71 due to C & J, which was in the possession of Gilchrist and was more than sufficient to satisfy Wagoner's judgment. Gilchrist countered that Wagoner's computation was erroneous, explaining that the remediation costs it incurred to cure the fill was actually $11,555.99 **more** than the amount of the purchase price C & J contended it was owed by Gilchrist.

Wagoner's rule to traverse was heard in the trial court on December 14, 2009. After taking the matter under advisement, the trial court signed a judgment in favor of Wagoner on February 25, 2010, ordering: (1) that Gilchrist's Answers to Garnishment Interrogatories be traversed, declaring them to be inaccurate, and amending said answers to reflect a balance owed by Gilchrist to C & J of $75,362.57; (2) that Gilchrist, as garnishee, comply with the Writ of Fieri Facias in satisfaction of the October 23, 2009 judgment in favor of Wagoner and against C & J in the amount of $52,332.58; and, (3) that Gilchrist pay Wagoner $2,500.00 in attorney fees. Gilchrist appeals.

## ASSIGNMENTS OF ERROR

Gilchrist presents the following assignments of error:

1. The trial court erred in determining that Gilchrist was "indebted" to [C & J].

2. The trial court erred in authorizing garnishment on a debt that had been extinguished due to compensation pursuant to [La.Civ. Code art. 1893].

3. The trial court committed legal error in authorizing a garnishment judgment against a party defendant.

3

4. The trial court erred as a matter of law in finding that Wagoner met its burden of proof to traverse Gilchrist's [A]nswers to [G]arnishment [I]nterrogatories.

## LAW AND DISCUSSION

Because it is dispositive of the matter before us, we will address the issue of whether legal error was committed by the trial court in authorizing a garnishment judgment against Gilchrist.

Louisiana Code of Civil Procedure Article 2411(A) (emphasis added) provides as follows:

> The judgment creditor, by petition and after the issuance of a writ of fieri facias, may cause a **third person** to be cited as a garnishee to declare under oath what property he has in his possession or under his control belonging to the judgment debtor and in what amount he is indebted to him, even though the debt may not be due. He may require the **third person** to answer categorically and under oath the interrogatories annexed to the petition within the delay provided by Article 2412.

In the instant matter, Wagoner filed suit, seeking payment of $52,332.58 and naming both Gilchrist and C & J as defendants. Once Wagoner obtained a default judgment against C & J, it then sought to collect the amount owed under that judgment from Gilchrist via garnishment proceedings. However, Gilchrist, a co-defendant in the case, is not a "third person" as required by the express terms of La.Code Civ.P. art. 2411. Consequently, Plaintiff/Wagoner, proceeding in its capacity as judgment creditor of Defendant/C & J, cannot pursue Defendant/Gilchrist, as garnishee, in satisfaction of the default judgment obtained against a co-defendant.

Long-standing jurisprudence states that a garnishment proceeding may not be pursued against a party defendant. In *Swift & Co. v. Centerville Co. Inc*, 108 So. 408, 408 (La.1926), our supreme court held that "[o]nly third persons, not defendants in the suit or in execution of a judgment, can be garnisheed under the provisions of

4

articles 242 and 642 of the Code of Practice[,]" which articles were the precursor to La.Code Civ.P. art 2411.  Applying the literal language of the articles, the court opined that defendants in a suit were not "third persons" and, thus, were "not subject to the garnishment process, because they are the defendants, and this process is not authorized against the defendant in a suit." *Id*. at 409.  Therefore, our supreme court held that "only third persons who have property in their possession or under their control, or who may be indebted to the judgment debtor, can be garnisheed." *Id.  See also Richardson v. Lacey*, 27 La.Ann. 62 (La.1875) and *Bailey v. Lacey*, 27 La.Ann. 39 (La.1875).

Undisputedly, in the instant case, Wagoner named C & J and Gilchrist as co-defendants.  Although Wagoner obtained a judgment against C & J, it cannot seek satisfaction of that judgment against Gilchrist.  Allowing a plaintiff/judgment creditor to execute a judgment obtained against one defendant by proceeding with a garnishment action against a co-defendant/garnishee is tantamount to converting a rule to traverse into a trial on the merits as the claims relate to this co-defendant.  Moreover, the procedure employed by the trial court in this matter is legally impermissible.  Wagoner's claim against Defendant/Gilchrist for money due must proceed by trial on the merits via ordinary process and not pursuant to a garnishment proceeding, which is a summary proceeding.  *See Reading & Bates Constr. Co. v. Baker Energy Res. Corp*., 94-450 (La.App. 3 Cir. 11/2/94), 649 So.2d 581.  As such, we find that Gilchrist is not a "third person" subject to garnishment under La.Code Civ.P. art. 2411, and, therefore, it was legal error for the trial court to cast Gilchrist in judgment relative to Wagoner's Petition for Garnishment.  Having found that the trial court erred in authorizing a garnishment judgment against a party defendant, we

5

need not address Gilchrist's remaining assignments of error.

## **DECREE**

For the foregoing reasons, the judgment of the trial court in favor of Wagoner Gravel, LLC, and against Gilchrist Construction Company, LLC, is reversed and vacated in its entirety. Costs of this appeal are assessed to Wagoner Gravel, LLC.

**REVERSED AND VACATED.**