419 So.2d 745 (1982)
ROBERT C. MALT & CO., Appellant,
v.
Edward C. COLVIN, Government Employees Insurance Company and Valentine Gabaldon, Appellees.
No. 80-831.
District Court of Appeal of Florida, Fourth District.
September 22, 1982.
*746 Garry M. Glickman of Glickman & Witters, West Palm Beach, for appellant.
Valentine Gabaldon, West Palm Beach, for appellee Gabaldon.
OWEN, WILLIAM C., Jr.,
Due to a clerical error, the writ of garnishment in this case directed the garnishee to disclose indebtedness to or possession of property of the party who was the judgment creditor (rather than the party who was the judgment debtor). The writ was dissolved on the garnishee's speaking motion disclaiming indebtedness to or possession of property of the judgment creditor. The latter appeals. We reverse.
Edward C. Colvin brought an action for breach of contract against appellant Robert C. Malt & Co. ("Malt"). The latter prevailed on its counterclaim, recovering a judgment against Colvin in the amount of $4,218.00. Appellee Valentine Gabaldon, Colvin's attorney in the contract case, also represented Colvin in a personal injury case. Subsequent to the entry of the Malt judgment, the personal injury case was settled out of court favorably to Colvin.
While the proceeds of the personal injury settlement were in his possession or control, Gabaldon was served with a writ of garnishment issued pursuant to motion filed by Malt. Unfortunately, the writ of garnishment named Robert C. Malt & Co. as the defendant and debtor instead of naming Colvin.[1] Gabaldon, understandably concerned with the duty which he owed to his client, elected to respond to the literal command of the writ; thus, he filed an answer to the writ denying any indebtedness to Malt, denying possession of any funds belonging to Malt and denying any knowledge of a debt to Malt. An amended answer was filed a day later admitting knowledge of Colvin's indebtedness to Malt. Gabaldon then disbursed $8,309.00 to Colvin and filed a motion to dismiss the writ of garnishment on the grounds that he did not represent Robert C. Malt & Co. and did not have nor anticipate having any property to disburse to Robert C. Malt & Co. Malt filed a reply *747 to the amended answer of the garnishee, alleging that a day or two after service of the writ, in a telephone conversation with Malt's attorney, Gabaldon had admitted that (1) he had the personal injury settlement check in his possession, (2) he knew the garnishment applied to Malt's judgment against Colvin, and (3) Colvin's share would satisfy the debt. The reply demanded a trial by jury on the issues. The court treated the garnishee's motion to dismiss as a motion to dissolve and granted the same on the basis of the record. In doing so, the court necessarily accepted the allegations of the reply as true.
We are aware that generally the provisions of the garnishment statute, being in derogation of the common law, should be adhered to with strictness.[2] We are also sensitive to the unique circumstance of the attorney-client relationship which existed between the garnishee and the judgment debtor whose assets were sought to be reached. Nonetheless, the law looks to substance, not form. We hold that when Gabaldon knew the writ of garnishment contained a known and obvious clerical error, i.e., identifying Malt as the "defendant" whose assets were sought to be garnished by Malt, and knew the writ was obviously intended to garnish assets of the judgment debtor (his own client), neither a strict adherence to the letter of the writ's command nor the attorney's duty to his client will permit Gabaldon to ignore with impunity what he knew the writ clearly and obviously intended to command.
If Gabaldon had a good faith doubt as to whether the writ required him to include in his answer the property of or indebtedness to his client, he could have availed himself of the exculpatory provisions of Section 77.06(3), Florida Statutes. He chose not to do so at his risk.
A judgment creditor who is not satisfied with the garnishee's answer may serve a reply denying the allegations of the answer (Section 77.061) and demanding a jury trial on the issues made (Section 77.08). That is what appellant did. Because we hold the reply set forth facts which, if true, would make the garnishee liable for the amount of the Malt judgment, it was error to dissolve the writ without a jury trial on the issues. The order is reversed and this cause remanded for further proceedings.
REVERSED.
HERSEY and WALDEN, JJ., concur.
NOTES
[1] How the mistake could have occurred is easily explained. A post-judgment garnishment proceeding, ancillary to the original action, bears the same caption. Malt was the original defendant. Although the motion for writ of garnishment properly identified the parties as defendant/counterplaintiff and plaintiff/counterdefendant, the writ (following Florida Rule of Civil Procedure 1.907) named Robert C. Malt & Co. as the defendant whose assets were garnished.
[2] See, e.g., Florida Power & Light Co. v. Crabtree Construction, Inc., 283 So.2d 570 (Fla. 4th DCA 1973); Thompson v. Commercial Union Ins. Co. of New York, 267 So.2d 18 (Fla. 1st DCA 1972); Pleasant Valley Farms v. Carl, 90 Fla. 420, 106 So. 427 (1925); Robinson v. Robinson, 18 So.2d 29 (Fla. 1944).