PER CURIAM.
Appellants Antonio Paz and Pedro Realty, Inc., defendants below, appeal from an order of the trial court awarding attorneys’ fees to Pedro Hernandez.
In 1986, Hernandez sued the appellants in an action on a note. A final judgment was entered in favor of Hernandez for $8,311.63 in December 1986. This judgment was not immediately satisfied by appellants. Hernandez thereafter hired a succession of attorneys who were unable to collect on the judgment. In 1992, the fourth attorney retained by Hernandez located two bank accounts and a boat valued at $35,000 belonging to appellants. In 1993, pursuant to section 77.01, Florida Statutes (1993), the garnishment *1244 statute, writs of garnishment were served on the two banks and the marina where the boat was located. Upon learning of this, appellants immediately paid the judgment in full plus all accrued interest.
Thereafter, Hernandez filed a motion for attorneys’ fees pursuant to sections 57.105 and 57.115, Florida Statutes (1993). After two hearings, the trial court denied attorneys’ fees pursuant to section 57.105 but awarded attorneys’ fees pursuant to section 57.115. The trial court found a reasonable fee to be $2,625.00 with a lodestar multiplier of 2.0 pursuant to Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). Thus, the total fee award was $5,250. This appeal followed.
Of the numerous issues raised on appeal by appellants, we need only address the issue regarding Hernandez’s entitlement to attorneys’ fees pursuant to section 57.115. Section 57.115(1) provides for an award of reasonable costs and attorneys’ fees against a judgment debtor incurred by a judgment creditor “in connection with execution on a judgment.” Appellants argue that Hernandez is not entitled to an award of attorney’s fees because he did not execute on a judgment. Instead he proceeded under the garnishment statute (§ 77.01) which contains no statutory provision for the recovery of attorneys’ fees by a successful plaintiff against the defendant.[1] We agree and reverse.
Garnishment statutes are in derogation of the common law and must be strictly construed. Robert C. Malt & Co. v. Colvin, 419 So.2d 745 (Fla. 4th DCA 1982); Scogin v. Scogin’s Inc., 287 So.2d 712 (Fla. 2d DCA 1974); Florida Power & Light Co. v. Crabtree Constr. Co., Inc., 283 So.2d 570 (Fla. 4th DCA 1973). In the absence of clear statutory language or case law to the contrary, we cannot accept Hernandez’ argument that garnishment is merely another form of execution and therefore he is entitled to attorneys’ fees under section 57.115.
It is well-settled law that attorneys’ fees may be awarded by a court only when authorized by statute or by agreement of the parties. State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 832 (Fla.1993); Rowe, 472 So.2d at 1148. Since there is no statute or agreement which allowed for fees to be awarded in this case, it was error for the trial court to make such an award.
Reversed.

. Chapter 77 does, however, allow the garnishee to recover a reasonable attorneys’ fee from the plaintiff. Under section 77.28, the plaintiff must deposit $100 in the court registry before applying for a writ of garnishment in order to help offset the garnishee's costs and fees which will be incurred as a result of the writ.