WALLIS, J.
Chase Burns, Kristin Burns, International Internet Technologies, LLC, TN Yacht Charters, LLC, Burns Family Cattle, LLC, Burns Family Land Co., LLC, Prestige Gaming, LLC, and Give It Away Foundation (collectively “Appellants”) challenge a non-final order: (1) finding probable cause that their out-of-state bank accounts and out-of-county cars are contraband in violation of the Florida Contraband Forfeiture Act (“FCFA”) and (2) denying their motion for return of the seized property. Appellants argue the trial court lacked in rem jurisdiction over the bank accounts and the automobiles. We agree and, therefore, vacate the probable-cause order and remand for the trial court to grant Appellants’ motion for return of property. Appellants also filed a motion for fees and damages, which we grant, in part, and dismiss, in part.[1]
In March 2013, the Seminole County Sheriff seized 23 bank, investment, and insurance accounts in other states, including New York, Oklahoma, Missouri, Iowa, and Indiana. None of the accounts were located in Florida. The Seminole County Sheriff also seized four automobiles: two in Volusia County, one in Pinellas County, and one in Duval County. Appellants requested an adversarial preliminary hearing pursuant to section 932.703(2)(a), Florida Statutes (2013). They sought return of their property, arguing that the Seminole County Sheriff did not have probable *97 cause to seize the property and the trial court did not have in rem jurisdiction over the seized property. The trial court denied Appellants’ motion to return seized property.
"We review orders determining subject matter jurisdiction de novo, inasmuch as such an order generally resolves an issue of law.” Baker & Hostetler, LLP v. Swearingen, 998 So.2d 1158, 1161 (Fla. 5th DCA 2008) (citing Jacobsen v. Ross Stores, 882 So.2d 431 (Fla. 1st DCA 2004)). In Florida, forfeiture is an in rem proceeding. Ruth v. Dep’t of Legal Affairs, 684 So.2d 181, 185 (Fla.1996) (citations omitted). “To have subject matter jurisdiction in an in rem proceeding, a court must have both the jurisdictional authority to adjudicate the class of cases to which the case belongs and jurisdictional authority over the properly which is the subject matter of the controversy.” Id. (citations omitted). “Florida courts do not have in rem or quasi in rem jurisdiction over foreign property.” Sargeant v. Al-Saleh, 137 So.3d 432, 434 (Fla. 4th DCA 2014) (citations omitted); see also Paciocco v. Young, Stern & Tannenbaum, P.A, 481 So.2d 39 (Fla. 3d DCA 1985) (“A Florida trial court has no in rem jurisdiction over notes secured by mortgages on real property located in a foreign state, to wit: New York”). In this case, because the bank accounts are located in foreign jurisdictions, the trial court does not have jurisdiction over the property in the forfeiture proceeding.
We similarly conclude that the Seminole County Circuit Court did not have jurisdiction to authorize continued seizure of the automobiles seized in other counties. Section 30.15(1), Florida Statutes (2013), provides for a sheriff’s territorial authority, in pertinent part:
Sheriffs, in their respective counties, in person or by deputy, shall:
[[Image here]]
(b) Execute such other writs, processes, warrants, and other papers directed to them, as may come to their hands to be executed in their counties.
(e) Be conservators of the peace in their counties.
(g) Apprehend, without warrant, any person disturbing the peace, and carry that person before the proper judicial officer, that further proceedings may be had against him or her according to law. (j) Perform such other duties as may be imposed upon them by law.
(Emphasis added). Although there are exceptions allowing an officer to act outside of the territorial limits of his or her agency, none of them apply to this case.[2] The Seminole County Sherriff cannot wrongfully seize personal property outside Seminole County and bring it within the county so the trial court can exercise in rem jurisdiction. The order finding probable cause and denying the return of the bank accounts and automobiles is vacated, and we remand for the trial court to grant the motion to return the property.
On appeal, Appellants also filed a motion requesting attorney’s fees and damages, arguing the Seminole County Sheriff did not proceed in good faith and that the conduct was a gross abuse of discretion because the Seminole County Circuit *98 Court did not have in rem jurisdiction.[3] Regarding fees, the FCFA provides:
The court shall award reasonable attorney’s fees and costs, up to a limit of $1,000, to the claimant at the close of the adversarial preliminary hearing if the court makes a finding of no probable cause. When the claimant prevails, at the close of forfeiture proceedings and any appeal, the court shall award reasonable trial attorney’s fees and costs to the claimant if the court finds that the seizing agency has not proceeded at any stage of the proceedings in good faith or that the seizing agency’s action which precipitated the forfeiture proceedings was a gross abuse of the agency’s discretion. The court may order the seizing agency to pay the awarded attorney’s fees and costs from the appropriate contraband forfeiture trust fund. Nothing in this subsection precludes any party from electing to seek attorney’s fees and costs under chapter 57 or other applicable law.
§ 932.704(10), Fla. Stat. (2013).[4] As this court previously stated, “we think the obvious intent of the Legislature in passing [the FCFA] was to make claimants of wrongfully seized property whole, by requiring the seizing agency which brought a baseless forfeiture proceeding to compensate the owner of the property for reasonably expended attorney’s fees and costs necessary to regain the property seized.” Gay v. Beary, 758 So.2d 1242, 1244 (Fla. 5th DCA 2000). We grant Appellants’ motion as it pertains to appellate attorney’s fees and remand to the trial court to determine the amount. However, we dismiss without prejudice Appellants’ motion as it pertains to damages, for Appellants to seek damages pursuant to section 932.704, Florida Statutes (2013), in the trial court. Pondella Hall For Hire, Inc. v. Lamar, 866 So.2d 719, 724 (Fla. 5th DCA 2004) (determining that whether property was returned in a reasonable fashion was outside the scope of this court’s review and, therefore, reversing and remanding for further proceedings to determine whether damages are due).
REVERSED and REMANDED with instructions.
PALMER and COHEN, JJ., concur.

. Our jurisdiction to consider this appeal is pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii), which provides appellate jurisdiction over non-final orders determining "the right to immediate possession of property.” Although we recently held in Alascia v. State, Department of Legal Affairs, 135 So.3d 402, 405 (Fla. 5th DCA 2014), that we did not have jurisdiction under rule 9.130(a)(3) to review á non-final order finding probable cause to support the State's seizure of real properly, Alascia is distinguishable from this case. In Alascia the seizing agency had not yet seized the property; instead, the agency only sought a lis pendens, which is less restrictive than a physical seizure. Id. Thus, we held that the non-final order did not determine "the right to immediate possession of property." Here, however, the Seminole County Sherriff seized personal property before the adversarial preliminary hearing and the trial court denied the motion to return the property. Accordingly, we have jurisdiction under rule 9.130(a)(3)(C)(ii) and "may proceed to resolve the issues presented on the merits.” Eight Hundred, Inc. v. State, 781 So.2d 1187, 1190 (Fla. 5th DCA 2001) (reversing non-final order denying the corporations' request for return of their seized property); see also Dismuke v. Office of State Attorney, 948 So.2d 1039 (Fla. 5th DCA 2007) (treating, as the trial court did, a writ of replevin as a motion for return of property and finding the order as "an appealable interlocutory order because it determined the right to immediate possession of property").

. E.g., Daniel v. State, 20 So.3d 1008, 1011-12 (Fla. 4th DCA 2009) (noting that two enforcement agencies may enter into a mutual aid agreement permitting extraterritorial conduct); Huebner v. State, 731 So.2d 40, 44-45 (Fla. 4th DCA 1999) (noting the fresh pursuit exception allows officers "who attempt to detain or arrest within their territorial jurisdiction, to continue to pursue a fleeing suspect even though the suspect crosses jurisdictional lines” (citation omitted)); State v. Phoenix, 428 So.2d 262, 265 (Fla. 4th DCA 1982) (noting police officers have a common-law right as citizens to make citizen’s arrests).

. We find it noteworthy that Appellee neither addressed in the answer brief Appellants’ main argument that the trial court lacked in rem jurisdiction nor filed a response to Appellants’ motion for fees and damages.

. Section 59.46, Florida Statutes, also provides: "In the absence of an expressed contrary intent, any provision of a statute ... providing for the payment of attorney’s fees to the prevailing party shall be construed to include the payment of attorney’s fees to the prevailing party on appeal.”