DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SUNTRUST BANK,**
Appellant,

v.

**ARROW ENERGY, INC., AVIATION FUEL INTERNATIONAL, INC.** and
**SEAN WAGNER,**
Appellees.

No. 4D15-1477

[July 6, 2016]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE 2010-48678 (25).

William C. Davell, Carolyn B. Brombacher and Christopher D. Barber of May, Meacham & Davell, P.A., Fort Lauderdale, for appellant.

Roger M. Dunetz of Roger M. Dunetz, P.A., Coral Gables, for appellee Arrow Energy, Inc.

*ON MOTION FOR REHEARING*

WARNER, J.

We deny the appellee's motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.

Appellant Suntrust Bank appeals an order denying its motion for relief from a final judgment of garnishment. Suntrust contends that the final judgment was void to the extent that it included postjudgment interest on the amount of funds held by Suntrust. We agree with Suntrust that the judgment is void because there is no authority to assess interest to be paid by the garnishee. We reverse.

Appellee Arrow Energy, Inc., sued Aviation Fuel International, Inc., and other defendants in federal district court in Michigan in 2010. Arrow obtained a final judgment against Aviation and defendant Sean Wagner for $313,036.08, plus statutory interest, in October 2010. This foreign

judgment was certified and filed in Florida. Arrow commenced execution of the judgment.

In May 2011, Arrow served a writ of garnishment on Suntrust. Suntrust answered, alleging that it was holding a total of $122,519.75 owed to the defendants. In 2013, the trial court entered a final judgment against Suntrust for that amount, plus post-judgment interest at 4.75% per annum. Suntrust sent Arrow a check for $122,519.75, but then stopped payment on the check because a third-party claimant asserted a right to the funds. Various proceedings ensued, including an appeal and a bankruptcy.

In March 2014, Suntrust moved for relief from the final judgment, contending that the inclusion of the requirement that it pay interest on the sum garnished required it to pay an amount in excess of the garnished amount, and the judgment was void to that extent. After much litigation, the court denied the motion, prompting this appeal.

Garnishment is a quasi in rem proceeding. *Burkhart v. Cir. Ct. of Eleventh Jud. Cir.*, 1 So. 2d 872, 875 (Fla. 1941). "To have subject matter jurisdiction in an in rem proceeding, a court must have both the jurisdictional authority to adjudicate the class of cases to which the case belongs and *jurisdictional authority over the property which is the subject matter of the controversy.*" *Ruth v. Dep't of Legal Affairs,* 684 So. 2d 181, 185 (Fla. 1996) (emphasis added). The court acquires jurisdiction over the garnishee to the extent of the property garnished, as the extent of the garnishee's liability is the amount that it owes to the judgment debtor. *See Sec. Bank, N.A. v. BellSouth Advert. & Publ'g Corp.*, 679 So. 2d 795, 800 (Fla. 3d DCA 1996), *approved by BellSouth Advert. & Publ'g. Corp. v. Sec. Bank, N.A.*, 698 So. 2d 254 (Fla. 1997).

This is reflected in section 77.083, Florida Statutes (2013), which provides that "[*n*]*o judgment* in excess of the amount remaining unpaid on the final judgment against the defendant or *in excess of the amount of the liability of the garnishee to the defendant,* whichever is less, *shall be entered against the garnishee.*" (Emphases added). Thus, by entering a judgment which includes liability for post-judgment interest, the court exceeded its jurisdictional authority over the property which was the subject matter of the controversy, namely the funds owed by Suntrust to the judgment debtor. To that extent, the court did not have jurisdiction, and the judgment is void.

Arrow contends that it is entitled to interest on the judgment pursuant to section 55.03(2), Florida Statutes (2010), which provides for interest on

judgments for money damages, orders for judicial sale, and process or writs directed to a sheriff for execution. A garnishment judgment, however, is technically not a judgment for money but a judgment to permit the garnishor to obtain monies owed by the judgment debtor but held by the garnishee.

Because garnishment is a proceeding in derogation of common law, the relevant statutes must be strictly construed. *See Paz v. Hernandez*, 654 So. 2d 1243, 1244 (Fla. 3d DCA 1995). In *Paz*, the court overturned an award of attorney's fees to the judgment creditor in a garnishment proceeding, which were awarded under section 57.115, Florida Statutes (1993), authorizing an award in connection with execution on a judgment. *Paz*, 654 So. 2d at 1244. The court held that, without express statutory or case law authority to the contrary, garnishment was not simply another type of execution for which attorney's fees could be awarded under section 57.115. *Id.*

Moreover, section 77.28, Florida Statutes (2013), provides that the court must determine the garnishee's attorney's fees and costs, and that those can be offset against the amount owed.

Thus, the statutes contemplate that the garnishee will have no liability or out-of-pocket expense due to the garnishment. In this context, interest on the amounts held by the garnishee is akin to such fees and costs. To require the garnishee to pay such interest, without offsetting it against the amount owed, is therefore contrary to these statutes.

In accordance with the foregoing, we cannot accept Arrow's proposition that garnishment is merely a form of money judgment on which interest is awardable. Further, there is no express provision in the garnishment statute for the award of interest, and there is a specific direction in section 77.083, Florida Statutes, that no judgment can be entered against a garnishee in excess of the amount of its liability to the judgment debtor. Awarding interest in excess of that amount would be contrary to that statute and an unconstitutional deprivation of the *garnishee's* property without due process of law. *See Carpenter v. Benson*, 478 So. 2d 353, 354 (Fla. 5th DCA 1985).

We acknowledge Arrow's concern that a garnishee could benefit by intentionally withholding funds due to the garnishor, but we recognize that the court has many tools to obtain compliance with its orders. And when the court finds a party in contempt for refusal to obey a court order,[1] the

---

[1] We do not suggest that is the case here.

court may award compensation to the injured party for its loss. *See Johnson v. Bednar*, 573 So. 2d 822 (Fla. 1991), *receded from on other grounds, Parisi v. Broward Cty.*, 769 So. 2d 359 (Fla. 2000).

We therefore reverse the order denying Suntrust's motion for relief from final judgment and remand for vacation of the judgment and entry of a judgment consistent with this opinion, eliminating any award of post-judgment interest.

GROSS and FORST, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***