# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2271
Lower Tribunal No. 13-18355
_____

**Taso Group, LLC,**
Appellant,

vs.

**Alan Gould, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Kula & Associates, P.A., Elliot B. Kula, and William D. Mueller, for appellant.

Harvey J. Sepler, P.A., and Harvey J. Sepler (Hollywood), for appellees.

Before FERNANDEZ, C.J., and LINDSEY, and LOBREE, JJ.

FERNANDEZ, C.J.

Defendant Taso Group, LLC ("Taso") appeals the trial court's "Final Judgment in Garnishment Against Taso Group, LLC" entered on the trial court's "Decision and Order On Garnishors' Amended Motion for Summary Judgment and Garnishee's Motion for Summary Judgment." We affirm the final judgment in part and reverse it in part only as to the post judgment interest portion of the judgment.

The procedural and litigation history of this case is tortured and convoluted. Limiting the background of this case to the parties before this Court, Taso received sixteen retail check cashing/payday lending stores and $6,300,000 in cash receivables from Buckeye Check Cashing of Florida II, LLC ("Buckeye II") by means of a "Membership Interest Purchase Agreement" ("MIPA") and an Assignment and Assumption Agreement. Taso assumed the unpaid balance of promissory notes owed by Buckeye II to Check Cashing USA, Inc. ("CCUSA"). Before the transfer to Taso, appellees and plaintiffs below, Alan Gould and Jay Goldman (collectively, "plaintiffs"), sued CCUSA to collect on the promissory notes. At issue in the underlying case and now before this Court is only a $9,000,000 note.

In August 2016, plaintiffs obtained a final judgment against CCUSA. After litigation, the trial court found that in the MIPA transaction, Taso leveraged the purchase by assuming Buckeye II's obligations to CCUSA on

2

the Buckeye II promissory notes. The court found that CCUSA consented to the assignment of Buckeye II's stores to Taso, as well as Taso's assumption of debt that Buckeye II still owed CCUSA.

In December 2019, plaintiffs filed a "Supplemental Complaint Plaintiffs/Judgment Creditors' Amended Motion for Writ of Garnishment" against Taso. On December 13, 2019, plaintiffs served Taso with a writ of garnishment. Plaintiffs moved for summary judgment on Taso's remaining liability on the $9,000,000 note to CCUSA. In turn, Taso filed a motion for summary judgment.

After the requisite hearings, the trial court granted plaintiffs' motion for summary judgment, and denied Taso's motion for summary judgment. In its "Decision and Order On Garnishors' Amended Motion for Summary Judgment and Garnishee's Motion for Summary Judgment," the court stated: "[T]he Court concludes that there are no genuine issues of material fact and that the record is undisputed that when the writ of garnishment was served on Taso on December 13, 2019, Taso was indebted to CCUSA in the amount of $2,744,463.57 on the $9 MM Note alone." As such, the trial court entered its Final Judgment in Garnishment Against Taso Group, LLC and ordered it to pay $2,475,271.21 to plaintiffs. The Final Judgment provides that plaintiffs

3

shall receive the principal owed to them, as well as "statutory judgment interest thereafter until paid."

Taso raises several issues on appeal, none of which have merit except for its contention that interest was improperly assessed against it in the Final Judgment. Section 77.083, Florida Statute (2022) states:

> . . . No judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee.

§ 77.083, Fla. Stat. (2022). Here, on December 13, 2019, the date the writ of garnishment was served, Taso was indebted to CCUSA for the amounts remaining on the $9 million note, which was $2,744,463.47 plus interest. The amount owed to plaintiffs on the judgments, with interest to the date the writ of garnishment was served, was $2,475,271.21. This was the amount the trial court correctly ordered to be paid in the final judgment.

However, the trial court also ordered that the amount should be paid "plus statutory interest thereafter until paid, . . ." According to Suntrust Bank v. Arrow Energy, Inc., 199 So. 3d 1026 (Fla. 4th DCA 2016), a trial court cannot enter a judgment in a garnishment proceeding which includes liability for post-judgment interest. Id. By providing for post-judgment interest, "the court exceeded its jurisdictional authority over the property which was the subject matter of the controversy." Id. at 1028. In the case before us, that

4

amount is $2,475,271.21. Moreover, unlike section 77.081, Florida Statutes (2022) which provides for an award of interest, there is no such provision in section 77.083. Accordingly, the trial court erred in ordering that interest be paid on the $2,475,271.21 judgment.

Accordingly, we affirm the final judgment in part and reverse only as to the postjudgment interest portion of the judgment. We remand the case to the trial court for the court to enter an amended final judgment that does not include postjudgment interest.

Affirmed in part; reversed in part; remanded with directions.