DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NAVY FEDERAL CREDIT UNION,**
Appellant,

v.

**VEROS CREDIT, LLC** and **JONATHAN D. ARROYO,**
Appellees.

No. 4D2023-2902

[November 6, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Terri-Ann Miller, Judge; L.T. Case No. COSO21-004390.

W. Patrick Ayers and Dana Robbins of Burr & Forman LLP, Tampa, for appellant.

No appearance for appellees.

ARTAU, J.

The issue before us is whether a trial court can enter a judgment in a writ of garnishment proceeding without first resolving whether it had subject matter jurisdiction over the garnished property when there is a dispute raised by and between a garnishee's answer and a plaintiff's reply regarding the trial court's jurisdiction over the subject property. We conclude that the trial court erroneously entered judgment in garnishment against Navy Federal Credit Union ("the garnishee"), without first holding a trial or proper evidentiary hearing as required by section 77.083, Florida Statutes (2021), to resolve the disputed question of whether it had subject matter jurisdiction over the garnished property. We therefore reverse the entry of the judgment and remand for the trial court to hold a trial or proper evidentiary hearing.

**Background**

In 2021, Veros Credit, LLC ("the plaintiff") was awarded a deficiency judgment against Jonathan Arroyo ("the defendant"). The plaintiff then moved for a writ of garnishment against the garnishee to satisfy the judgment.

The garnishee answered pursuant to section 77.055, Florida Statutes (2021). The garnishee conceded that the defendant held accounts with the garnishee and that it was indebted to the defendant for the funds held in the accounts. However, the garnishee asserted that the trial court lacked subject matter jurisdiction over the accounts because they are not located in Florida.

The plaintiff then filed a reply disputing the garnishee's answer pursuant to section 77.061, Florida Statutes (2021). The plaintiff's reply asserted that the trial court could exercise jurisdiction over the accounts because the defendant resides in Florida and the garnishee conducts business in Florida.

Thereafter, the plaintiff moved for entry of judgment in garnishment against the garnishee. Without holding a trial or evidentiary hearing, the trial court granted the plaintiff's motion and entered judgment against the garnishee. The garnishee appeals from the entry of this judgment.

## Analysis

We review de novo whether a trial court lacked subject matter jurisdiction over a proceeding because such question is a "pure question of law." *Fla. A&M Univ. Bd. of Trs. v. Bruno*, 198 So. 3d 1040, 1043 (Fla. 1st DCA 2016). "Judgments entered without subject matter jurisdiction are void." *Ricci v. Ventures Tr. 2013-I-H-R by MCM Cap. Partners, LLC*, 276 So. 3d 5, 7 (Fla. 4th DCA 2019).

"Garnishment is a quasi in rem proceeding." *SunTrust Bank v. Arrow Energy, Inc.*, 199 So. 3d 1026, 1028 (Fla. 4th DCA 2016). "To have subject matter jurisdiction in an in rem proceeding, a court must have both the jurisdictional authority to adjudicate the class of cases to which the case belongs and jurisdictional authority over the property [that] is the subject matter of the controversy." *Id.* (emphasis removed) (quoting *Ruth v. Dep't of Legal Affs.*, 684 So. 2d 181, 185 (Fla. 1996)).

Florida courts do not have in rem jurisdiction over property located outside of the state. *See Burns v. Dep't of Legal Affs.*, 147 So. 3d 95, 96-97 (Fla. 5th DCA 2014) (A "trial court does not have [in rem] jurisdiction" in a forfeiture proceeding to seize accounts where "[n]one of the accounts were located in Florida."); *Sargeant v. Al-Saleh*, 137 So. 3d 432, 434 (Fla. 4th DCA 2014) ("Florida courts do not have in rem or quasi in rem jurisdiction over foreign property."); *see also Hanson v. Denckla*, 357 U.S. 235, 246 (1958) ("[T]he in rem jurisdiction of a state court is limited by the extent of its power and by the coordinate authority of sister States. The

2

basis of the jurisdiction is the presence of the subject property within the territorial jurisdiction of the forum State." (footnote omitted)).

Here, the garnishee asserted in its answer that the trial court lacked subject matter jurisdiction because the accounts containing the funds to which it is indebted to the defendant are located outside of Florida. To the contrary, the plaintiff asserted in its reply that the trial court could exercise jurisdiction over the subject property. However, the trial court did not hold a trial or proper evidentiary hearing to determine if it had subject matter jurisdiction over the accounts before entering the judgment in garnishment.

Under Florida law, if the accounts are in fact located outside of the jurisdictional reach of this state, the trial court would lack subject matter jurisdiction over such accounts. Thus, a trial or proper evidentiary hearing is necessary to resolve the dispute between the parties and determine whether the trial court had the authority to enter the judgment against the garnishee.

Moreover, section 77.083 expressly requires a "trial" before a judgment can be entered in garnishment if a plaintiff contests the garnishee's answer in a reply filed pursuant to section 77.061. *Compare* § 77.061, Fla. Stat. (2021) ("*When* any garnishee answers and *plaintiff is not satisfied with the answer, he or she shall serve a reply* within 20 days thereafter *denying the allegations of the answer* as he or she desires." (emphasis added)), *with* § 77.083, Fla. Stat. (2021) ("*Judgment* against the garnishee on the garnishee's answer or *after trial of a reply to the garnishee's answer shall be entered* for the amount of his or her liability *as disclosed by the* answer or *trial.*" (emphasis added)). Contrary to the express requirement of section 77.083, the trial court did not hold a "trial"—or evidentiary hearing equivalent to a "trial"—to resolve the dispute between the garnishee's answer and the plaintiff's reply.

**Conclusion**

Because the trial court did not hold a trial or proper evidentiary hearing as required by section 77.083 to resolve the dispute between the garnishee's answer and the plaintiff's reply, it is an open question as to whether the trial court had subject matter jurisdiction over the proceedings. This question must be answered before a judgment in garnishment can be entered.

We therefore reverse the entry of the judgment against the garnishee and remand this case for the trial court to hold a trial or proper evidentiary

3

hearing consistent with this opinion.

*Reversed and remanded with instructions.*

GROSS and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***