# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-3498
LT Case No. 2022-SC-031676

———————————————

NAVY FEDERAL CREDIT UNION,

    Appellant,

    v.

NICHOLAS FINANCIAL, INC. and
YVETTE N. CRAWFORD,

    Appellees.

———————————————

On appeal from the County Court for Brevard County.
David C. Koenig, Judge.

W. Patrick Ayers and Dana Robbins, of Burr & Forman LLP,
Tampa, for Appellant.

No Appearance for Appellees.

March 14, 2025

WALLIS, J.

    Appellant, Navy Federal Credit Union, timely appeals the
Final Judgment in Garnishment that ordered it to release $310.54
held in Yvette Crawford's account to Appellee, Nicholas Financial,
Inc.  Because the trial court erred in entering the Final Judgment,
we reverse.

In November 2022, Appellee obtained a final judgment against Crawford in the amount of $5,239.98. In July 2023, Appellee filed a Motion for Writ of Garnishment after Judgment, requesting the issuance of a writ of garnishment as to Appellant, which held Crawford's funds in its possession. In the Motion for Writ of Garnishment, Appellee specifically alleged that Appellant maintains branches and locations in Florida and was within the lower court's jurisdiction. The trial court issued a writ of garnishment against Appellant.

Appellant filed an Amended Answer, which acknowledged that it had branches in Florida from which Crawford could access her bank accounts, and that Crawford had an account balance of $310.54 in one of her accounts with Appellant. However, Appellant alleged that Crawford's bank accounts were located in Virginia and, therefore, the Florida court did not have jurisdiction over the accounts because they were located outside of Florida.

Appellee did not file a reply to the Amended Answer. On September 12, 2023, Appellee filed a Motion for Final Judgment of Garnishment. One day later and without holding a hearing, the lower court entered the Final Judgment, which ordered Appellant to release $310.54 held in Crawford's account to Appellee.

Appellant filed a timely Motion for Rehearing, arguing that it was denied due process because it was deprived of the right to be heard on the Motion for Final Judgment of Garnishment. Appellant also argued that there was no basis for the lower court to enter judgment on the pleadings when it denied in its Amended Answer that the lower court had subject matter jurisdiction over the property at issue in the case. The trial court held a hearing on the Motion for Rehearing and later entered an order denying it.

On appeal, Appellant argues, *inter alia*, that the lower court erred in entering the Final Judgment without holding a hearing because there was a question whether the lower court had subject matter jurisdiction over the proceedings.

"Garnishment is a quasi in rem proceeding." *Suntrust Bank v. Arrow Energy, Inc.*, 199 So. 3d 1026, 1028 (Fla. 4th DCA 2016). "To have subject matter jurisdiction in an in rem proceeding, a court

2

must have both the jurisdictional authority to adjudicate the class of cases to which the case belongs and *jurisdictional authority over the property which is the subject matter of the controversy." Id.* (quoting *Ruth v. Dep't of Legal Aff.*, 684 So. 2d 181, 185 (Fla. 1996)). Florida courts do not have jurisdiction over property that is located outside of Florida. *Burns v. Dep't of Legal Aff.*, 147 So. 3d 95, 97 (Fla. 5th DCA 2014).

Here, Appellee claimed in its Motion for Writ of Garnishment that the lower court had jurisdiction over Appellant. However, Appellant asserted in its Amended Answer that the lower court lacked subject matter jurisdiction over the case because the property at issue was not located in Florida. Appellee did not file a reply to the Amended Answer. Consequently, the allegations in the Amended Answer were to be taken as true. *See* § 77.061, Fla. Stat. (2023); *First Colony Life Ins. Co. v. Sun State Cap. Funding, Inc.*, 730 So. 2d 735, 737 (Fla. 2d DCA 1999). Given that the allegations in the Amended Answer were deemed true, the trial court lacked subject matter jurisdiction to enter the Final Judgment. *See Navy Fed. Credit Union v. Veros Credit, LLC*, 396 So. 3d 590, 592 (Fla. 4th DCA 2024) ("Under Florida law, if the accounts are in fact located outside of the jurisdictional reach of this state, the trial court would lack subject matter jurisdiction over such accounts."). Accordingly, we reverse the Final Judgment and discharge the writ of garnishment.

REVERSED.

JAY and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

3