# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

Case No. 5D2024-1804
LT Case No. 16-2023-SC-11699
_____

NAVY FEDERAL CREDIT UNION,

    Appellant,

    v.

VEROS CREDIT, LLC, ANTHONY
TYRONE WILLIAMS, and
LATRENDA ANNTONETTE
WILLIAMS,

    Appellees.

_____


On appeal from the County Court for Duval County.
Kelly E. Eckley-Moulder, Judge.

W. Patrick Ayers and Dana Robbins, of Burr & Forman, LLP,
Tampa, for Appellant.

Drew Beinhaker, of Henschel & Beinhaker, P.A., Hollywood, for
Appellee, Veros Credit, LLC.

No Appearance for Other Appellees.

April 10, 2026


LAMBERT, J.

Navy Federal Credit Union ("Navy Federal") timely appeals the post-final-judgment order rendered by the trial court that assessed $2,660.00 in attorney's fees against it and in favor of Appellee, Veros Credit, LLC ("Veros Credit"), as a sanction for bad faith, vexatious litigation.

Because the record contains no evidence to support the trial court's finding of vexatious, bad faith conduct by Navy Federal, we reverse the order imposing sanctions.

I

Navy Federal was the garnishee in the litigation below. Veros Credit, which was the plaintiff, obtained a final judgment awarding it damages against the co-Appellees, Anthony Tyrone Williams and Latrenda Anntonette Williams ("the Williamses").[1] Subsequently, Veros Credit moved for and obtained a writ of garnishment that it then had served upon Navy Federal. The writ directed Navy Federal to answer whether it had any tangible and intangible personal property of the Williamses in its possession or control.

Navy Federal timely answered the writ, stating that it had a good faith doubt as to whether it was holding assets of the Williamses subject to garnishment. Navy Federal explained that it possessed an account of the Williamses, but the account was located in Virginia and thus not subject to garnishment in Florida. Without waiving this defense, Navy Federal acknowledged that it was indebted to the Williamses in the amount of $322.17.

Veros Credit filed a reply to Navy Federal's answer, "objecting" to what it labeled was Navy Federal's "false," "misleading," and "legally insufficient" answer. Veros Credit disputed Navy Federal's factual assertion that the Williamses' account with Navy Federal was located in Virginia, pointing out that the Williamses resided in Florida and that they accessed their

---

[1] Neither Veros Credit nor the Williamses have filed briefs in this appeal.

Navy Federal account there.[2]

## II

Navy Federal's answer that the Williamses' account was located in Virginia necessarily raised a factual dispute concerning the trial court's subject matter jurisdiction over the account. *See Navy Fed. Credit Union v. Veros Credit, LLC*, 396 So. 3d 590, 592 (Fla. 4th DCA 2024) ("Under Florida law, if the accounts are in fact located outside of the jurisdictional reach of this state, the trial court would lack subject matter jurisdiction over such accounts."); *see also Burns v. State, Dep't of Legal Aff.*, 147 So. 3d 95, 97 (Fla. 5th DCA 2014) (recognizing that a trial court lacks in rem jurisdiction over bank accounts located in other states (citations omitted)); *Stansell v. Revolutionary Armed Forces of Colom. (FARC)*, 149 F. Supp. 3d 1337, 1342 (M.D. Fla. 2015) (explaining that *Burns* fortifies the court's "jurisdictional conclusion that under Florida law it lacks subject matter jurisdiction to issue writs of garnishment seeking to garnish funds held in bank accounts in jurisdictions outside the territorial limits of the State of Florida").

Under these circumstances, section 77.083, Florida Statutes (2023), which provides, in pertinent part, that "[j]udgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer shall be entered for the amount of his or her liability as disclosed by the answer or trial," required that the trial court hold a trial to resolve the factual dispute raised by Navy Federal's answer to the writ of garnishment and Veros Credit's reply. *See Navy Fed.*, 396 So. 3d at 592 (holding that when a plaintiff's reply contests a garnishee's answer to the writ of garnishment, section 77.083 requires a trial or proper evidentiary hearing to resolve the dispute).

The trial court, however, did not do this. Instead, upon Veros Credit's separate motion, the court, without notice or hearing, entered a final judgment of garnishment against Navy Federal. This was error. *See id.* at 592–93 (reversing the final

---

[2] Navy Federal acknowledged that the Williamses' address is in Jacksonville, Florida.

judgment of garnishment entered against the garnishee without notice or hearing and remanding to the trial court to hold a trial or proper evidentiary hearing consistent with the express requirement of section 77.083 to resolve the factual dispute on whether the trial court lacked subject matter jurisdiction over the bank account).

## III

Navy Federal thereafter moved under Florida Rule of Civil Procedure 1.540(b)(4) to vacate this final judgment. It argued that the final judgment was void because the judgment had been entered in violation of Navy Federal's due process rights to notice and a reasonable opportunity to be heard on the disputed facts raised in its answer and Veros Credit's reply to that answer. *See Nat'l Loan Acquisitions Co. v. Tabernacle Christian Ctr. Ministries, Inc.*, 402 So. 3d 1028, 1033 (Fla. 4th DCA 2024) ("For example, a judgment is void if the trial court violates the due process guarantee of notice and an opportunity to be heard in the proceedings leading up to the judgment." (citing *Tannenbaum v. Shea*, 133 So. 3d 1056, 1061 (Fla. 4th DCA 2014))).

In response to Navy Federal's Rule 1.540(b)(4) motion, Veros Credit filed the subject motion to impose sanctions against Navy Federal for "bad faith vexatious litigation." Veros Credit asserted that since Navy Federal's account holders, the Williamses, resided in and accessed their account in Florida, Navy Federal had "erroneously misrepresent[ed] the law in bad faith to the court" by submitting to the court that it lacked subject matter jurisdiction.

Following a hearing at which no evidence was presented, the trial court entered an omnibus order imposing sanctions against Navy Federal and denying its motion to vacate the final judgment. The court found that Navy Federal's assertion that the Williamses' account was in Virginia was "contrary to existing facts and legal precedent," and that its "ongoing, frivolous motion practice in this case and others constitutes bad faith conduct which has been extremely prejudicial to [Veros Credit]" and to its "various judgment debtors and customers."

4

As we explain below, we reverse and direct the post-judgment order imposing sanctions be vacated.[3]

IV

In *Bitterman v. Bitterman*, 714 So. 2d 356, 365 (Fla. 1998), the Florida Supreme Court explained that "[t]he inequitable conduct doctrine permits the award of attorney's fees where one party has exhibited egregious conduct or acted in bad faith." The court, however, cautioned that this doctrine "is rarely applicable" and "is reserved for those extreme cases where a party acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Foster v. Tourtellotte*, 704 F. 2d 1109, 1111 (9th Cir. 1983)).

Appellate review of a trial court's decision to impose sanctions for bad faith litigation is reviewed under the abuse of discretion standard. *Forrey v. Marlin Constr. Grp., LLC*, 395 So. 3d 632, 636 (Fla. 6th DCA 2024) (quoting *Bennett v. Berges*, 50 So. 3d 1154, 1159 (Fla. 4th DCA 2010)). To that end, a trial court's findings regarding the imposition of sanctions must be supported by competent substantial evidence in the record, *Tabernacle Christian*, 402 So. 3d at 1036 (citations omitted); and "[a] trial court abuses its discretion when there is no competent substantial evidence to support its findings." *Quest Sys., LLC v. Far*, 356 So. 3d 300, 303 (Fla. 2d DCA 2023) (quoting *Can Fin., LLC v. Niklewicz*, 307 So. 3d 33, 35 (Fla. 4th DCA 2020)).

We find that the trial court erred here when it assessed attorney's fees against Navy Federal for vexatious, bad faith litigation. As previously outlined, first, Navy Federal's defense that Florida courts do not have subject matter jurisdiction in a garnishment proceeding over an account not located in Florida is a valid defense if supported by the facts. *Navy Fed.*, 396 So. 3d at 592; *see also Osio v. Moros*, Case No. 21-20706-CIV-GAYLES/TORRES, 2025 WL 1031904, at *5 (S.D. Fla. Jan. 27,

---

[3] Navy Federal specifically declined to also challenge the aspect of the order that denied its motion to vacate the final judgment of garnishment.

5

2025) ("Indeed, numerous federal courts in Florida have held that extraterritorial bank accounts are outside their jurisdictional reach, even when the relevant banks operated branches in Florida."), *report and recommendation adopted*, 2025 WL 1025193 (S.D. Fla. Apr. 7, 2025). Importantly, there was no evidentiary hearing in the proceedings below, so the trial court's findings, and the imposition of a sanction, are not supported by the record.[4] *See Tabernacle Christian*, 402 So. 3d at 1036 (providing that the record must also contain competent substantial evidence supporting the trial court's findings regarding the imposition of sanctions (citations omitted)).

Second, Navy Federal's Rule 1.540(b)(4) motion to vacate the final judgment of garnishment correctly recognized that the final judgment of garnishment was void because it was entered without Navy Federal being given notice and a reasonable opportunity to be heard on its subject matter jurisdiction defense. *See Viets v. Am. Recruiters Enters., Inc.*, 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006) ("A violation of the due process guarantee of notice and an opportunity to be heard renders a judgment void." (citations omitted)). Accordingly, this was not an "extreme case" under *Bitterman*, *supra*, for which the inequitable conduct doctrine permitted an award of attorney's fees as a sanction.

REVERSED; ORDER ASSESSING ATTORNEY'S FEES SANCTION VACATED; REMANDED FOR FURTHER PROCEEDINGS.

EISNAUGLE and MACIVER, JJ., concur.

---

[4] Our decision is based solely on the lack of any evidence in our record. We do not decide when a bank account is located in Florida or when it is deemed located out of state.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————